## Evans, Appellant, *v.* Philadelphia.

205    193
24 SC ²335

205    193
f 33 SC ¹196

*Negligence—Municipalities—Ice covered sidewalk.*

It is not the law that a resident in a city must remain continuously on his property when the city grossly neglects the repair of its streets, under pain that if he ventures on the streets, or walks and suffers injury from the city's fault, he can recover nothing.

A housewife who goes to her grocer for provisions for her family cannot be charged as a matter of law with contributory negligence in keeping on an ice ridged pavement on which she falls, where the evidence shows that ice was around and about her on every side, and that she could not have reached the store without passing over ice, and without encountering the same danger that was before her on the sidewalk. In such a case, the question of contributory negligence is for the jury.

Argued Jan. 7, 1903. Appeal, No. 154, Jan. T., 1902, by plaintiff, from order of C. P. No. 5. Phila. Co., March T., 1901, No. 148, refusing to off take nonsuit in case of George W. Evans and Sarah E. Evans, his Wife, v. City of Philadelphia. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*James H. Young*, of *Young & Goodwin*, for appellants.—The case was for the jury: Altoona v. Lotz, 114 Pa. 238; Wellman v. Boro. of Susquehanna Depot, 167 Pa. 239; Ely v. Pittsburg, C. C. & St. Louis Ry. Co., 158 Pa. 233.

*Robert Brannan*, with him *John L. Kinsey*, for appellee.— Appellant's own testimony taken in connection with that of her witness, Rudlinger, proves that the dangerous obstruction could have been avoided. It was therefore her duty to avoid it, even if she did have to cross the street to do so: Erie v. Magill, 101 Pa. 616; Fleming v. Lock Haven, 15 W. N. C.

216; Forks Twp. v. King, 84 Pa. 230; Crescent Twp. v. Anderson, 114 Pa. 643; Hill v. Tionesta Twp., 146 Pa. 11; Lynch v. Erie, 151 Pa. 380; Boyle v. Mahanoy City, 187 Pa. 1.

OPINION BY MR. JUSTICE BROWN, March 23, 1903 :

Sarah E. Evans, the plaintiff below, lived at 406 Dickinson street, in the city of Philadelphia. At the southwest corner of that street and Fourth there was a grocery store, and, between it and the home of plaintiff, an alley ran north and south, in which there was a drain carrying off water from the properties fronting on Fourth street. On February 22, 1901, the day the plaintiff fell and was injured, and for some time previous, this drain had been clogged with ice, which extended out over the sidewalk on the south side of Dickinson street and out into the street as far as the car tracks. A ridge of ice extended from the building line to the curb and from the curb to the car tracks. About four o'clock in the afternoon the plaintiff went from her home to the grocery store, passing safely over the ice on the pavement; but, on her return, she slipped and fell, sustaining the injuries for which she is now seeking compensation. There was ample evidence of the city's negligence in allowing the sidewalk to remain in its dangerous condition; and, in directing a judgment of nonsuit, the learned trial judge, though not assigning any reason for doing so or for refusing to take it off —as is too frequently the case with some courts—manifestly regarded the plaintiff as guilty of contributory negligence. Questions which he asked indicate that he felt there was a safer way of going to and returning from the store, which the plaintiff ought to have taken; but, even if there was such a way, it is clear, from the testimony of the four witnesses called, that it was for the jury, and not for the court, to pass upon the plaintiff's negligence.

The danger was manifest, and it was the duty of the plaintiff to have avoided it, if she could have done so by the exercise of proper care under the circumstances, which would have been to take a safe way to the store, if one existed. If she could have avoided the danger on the pavement by going out into the street beyond the car tracks, or even crossing over to the other side and then recrossing to the store, it was her duty to do so : City of Erie v. Magill, 101 Pa. 616 ; Fleming v. City

of Lock Haven, 15 W. N. C., 216; but, no matter where she turned, there was no safe path for her. Ice was around and about her on every side, and, though the danger might have differed in degree, she was bound to encounter the same kind, wherever she turned. Whether she went directly to the store or crossed over to the other side of the street, or even went around a square through Greenwich street, which was south of and parallel to Dickinson street, she could not have reached the store without passing over ice and without encountering the same danger that was before her on the sidewalk. From her testimony we extract the following: " Q. Mrs. Evans supposing you had gone out on the street in order to avoid the ice at the alley, and gone in the car track, could you have gotten to the store at Fourth and Dickinson without going over ice? A. No, sir. Q. Could you have gone around up Dickinson and down Fifth and around Greenwich? A. I would have had to go over ice to get around there. Q. If you had gone up Dickinson to Fifth and to Tasker would you have gone over ice? A. Yes, sir. . . . Q. Where was that ice? A. All right around the store; right around the curb before you come to the store. Q. Around the curb where? A. Right near the store. Q. At the corner of Fourth and Dickinson? A. Yes, sir. . . . Q. Now, then, what was the condition of Dickinson street on the north side, where you say there was only snow, I mean going down over the crossing of Fourth street on the north side of Dickinson? A. There was ice all along there at that time. Q. Ice where? A. All along on Fourth street, Q. Was the crossing at Fourth street covered with ice? A. Yes, sir. . . . Q. There was no possible way for you to have gone around on the north side of Dickinson street, crossing Fourth and going to that store, without going over ice? A. No, sir; not without going over ice. Q. Was there a continuous lot of ice from the time it left that alley, where the accident occurred, extending over the pavement down to the gutter and down to Fourth and down to Greenwich? A. Yes, sir." Harry F. Wilgus testified as follows: " If she had gone out in the street from her house on Dickinson street, and avoided the ice which went to the car track, and gone around and tried to reach your store by any means, could she have done so without going over ice equally as dangerous? A. No, sir. Q. She would have

had to cross over ice? A. She could not go there without crossing ice, no matter what direction she would go. Q. She would have crossed ice equally dangerous? A. Yes, sir. . . . Q. What was the condition of the crossing leading over Fourth street from your store to the east side of Fourth street? A. There was ice around there, too; there was ice there down to Greenwich on that gutter." Ida M. Bowen was asked: " Q. If Mrs. Evans had gone out in the street from her house and had gone onto the other side, as you have heard described there was snow at that time, could she have regained the sidewalk at Fourth and Dickinson without passing over ice which was equally dangerous? A. I hardly think so." And the same witness further testified: " Q. There was no way of getting from her house to the grocery store at Fourth street unless she went a square out of her way, and then, you think, she would meet the same conditions? A. Yes, sir." There is nothing in the testimony of Frederick J. Rudlinger, the last witness called by the plaintiff, to show that, on the day of the accident, there was a safe route that she might have taken; for even he admits she would have encountered ice in taking any other route, though, perhaps, not in the same quantity or so slippery as at the alley.

To relieve herself from the imputation of contributory negligence, the plaintiff was not required, with danger around her on all sides, to select from all the dangerous paths the one which she ought to have known was the least so. Nothing more was required of her than ordinary care, and whether she had exercised it, under the circumstances, by going over the pavement from the store to her home, instead of by some other route, on which there was the same danger, differing only in degree was for the jury. Nor was she bound to remain in her house because the city, by its negligence, had made it dangerous for her to go out on the street in search of recreation and pleasure or when called to do so by duty. " It is not the law that a resident in a city must remain continuously on his property, when the city grossly neglects the repair of its streets, under pain that if he ventures on the streets or walks and suffers injury resulting from the city's default, he can recover nothing:" City of Altoona v. Lotz, 114 Pa. 238. In this case the plaintiff, as the housewife, went to her grocer for

provisions for her family, and, under the testimony to which attention has been called, the court could not, as a matter of law, have pronounced her negligent for having kept to the pavement.

Judgment reversed and procedendo awarded.