Burns *v.* Pittsburgh Railways Co., Appellant.

Argued April 25, 1932.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*D. H. McConnell*, and with him *J. R. McNary*, for appellant.

*Warren H. VanKirk*, and with him *Patrick J. Corr*, for appellee.

Opinion by Parker, J., July 14, 1933:

Mary E. Burns sued the Pittsburgh Railways Company in trespass for personal injuries and recovered a verdict of $2,500. On refusal of motion for a new trial defendant appealed. All the assignments of error relate to the charge of the court.

There was competent evidence on the part of the plaintiff from which the jury could have found that the plaintiff suffered an injury to the sacro-iliac joint as a result of defendant's negligence; that at the time of the accident she was 46 years of age and before that time had worked regularly three or four days a week, receiving as compensation $3.50 a day and car fare; that as a consequence of the injury she had not been and would not be able to perform any labor for others; and that she was permanently disabled and suffered pain and much inconvenience.

Appellant first complains of what was said by the court on the subject of bias and interest and of a reference to one of defendant's witnesses, the conductor of the street car on which plaintiff was at the time of the accident, as an example of one who might be biased by reason of his position. In examining a charge to determine whether there has been error, the entire charge must be considered as well as the immediate context, and attention must not be confined to an isolated statement or sentence. The court with much care had pointed out the duty of a jury with relation to determining facts and the credibility of witnesses, and had explained in some detail that in that connection they should consider the interest that one giving testimony might have in the outcome of the litigation and possible bias on the part of a witness by reason of any relationship to a party. The court then said: "The parties to a suit have a direct interest in the outcome. The plaintiff here has an interest, because she is asking a monetary compensation for the damages she says she suffered and therefore she is an interested witness. Bias may arise from acquaintanceship, friendship, or employment. For instance, the conductor here, testifying for the defendant, is an employe; it may be his testimony is biased. There you have an example of interest and bias." He then indicated to the jury that they should examine all testi-

mony for the purpose of detecting bias or interest and determine the credibility of the witnesses, and said in effect that it was for the jury to determine whether there was bias which affected the credibility of a witness. The court said that plaintiff was an interested party and that the conductor might be biased by reason of his employment. An example was chosen from each side. This was not improper. The same question was considered by the Supreme Court in Ellis v. L. S. & M. S. R. Co., 138 Pa. 506, 522, 21 A. 140, where it was said: "Complaint was also made that the learned judge called attention to the fact that the engineer and fireman of the train were interested witnesses in one sense, although not affected by the verdict pecuniarily. What the learned judge said upon this point was entirely true, and it was proper to call the attention of the jury to it. There might have been a good ground of objection, had the learned judge referred only to these two witnesses. But he pointedly called the attention of the jury to the interest of the plaintiff and his two sons, and told them that it affected their credibility. The reference in each case was proper."

It is next claimed that the court erred in using the sum of $1,000 to illustrate the meaning of present worth. At the oral argument counsel for defendant stated that it did not object to what was said about future earnings but only to the illustration used. In this immediate connection, the court said that in fixing damages if the jury arrived at the point where it was necessary to consider the amount of future earnings, plaintiff would only be entitled to the present worth of such sum. Continuing, he said: "If you were to get a large amount of money in the future, a less amount would satisfy you now." He then added that $1,000 received now at the end of a year at six per cent interest would amount to $1,060. The specific complaint is as to the use of the word "large" and

the employment of $1,000 for purposes of illustration, and it is suggested that a unit of one dollar "would have served the purpose just as well." We think the court intended to use the word "large" comparatively, indicating that the amount that might be awarded should be less than a sum to which the injured party would be ultimately entitled. Neither do we view the use of the unit of $1,000 as objectionable under the circumstances. The verdict of the jury did not indicate that the jury had misunderstood or been misled by the instruction. As is pointed out in McCaffrey v. Schwartz, 285 Pa. 561, 569, 132 A. 810, the present rule is that "a mere failure to charge on the subject of the obligation of the jury to reduce its award of future payments, anticipated in a verdict, to their present worth, is not always to be held reversible error, particularly in the absence of a request so to charge or of any effort to call the trial judge's attention to a lack of such instructions." While cases undoubtedly arise where it is not only appropriate but necessary that such instructions should be given, such is not the fact in all cases. In the same opinion the court recognizes the duty of a judge to keep in mind that should the exaggerated size of a particular award indicate the jury's failure to discount the value of future losses, then it would be proper to grant a new trial in case of oversight in giving such instructions. At the conclusion of the charge the court gave counsel for the defendant an opportunity to ask for any corrections, and no request was made with reference to the subject of future earnings or present worth. In view of plaintiff's uncontradicted proofs as to earning capacity, the verdict in this case does not indicate that the jury failed to discount the value of future losses. We are of the opinion that none of the matters complained of by appellant are sufficient to warrant the granting of a new trial.

Judgment affirmed.