## Webb *v.* Hess, Appellant, et al.

Argued May 24, 1939. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George H. Hafer,* with him *Arthur H. Hull,* of *Sny-
der, Hull, Leiby & Metzger,* for appellant.

*Samuel Handler, Carl B. Shelley* and *Earl Handler,*
for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 19,
1939:

Appellee's husband, while walking from east to west
across the street at a regular intersection in Harrisburg,

was struck and fatally injured by appellant's automobile, traveling south, with which another automobile, traveling west, had collided. The case was tried twice in the court below, and is here now on trial errors only. The complaint is solely of the charge of the court, which placed a duty on a motorist, who had the right of way at an intersection, to continue to look to the right and left as he proceeded across the intersection, when he had observed another vehicle approaching from his left as he entered the intersection.

We said in *Campagna v. Lyles*, 298 Pa. 352, 355, that, where a motorist has the right to proceed under the statute, nevertheless, he is under the duty of having his car under control, and of driving as a prudent man would drive; that " 'it would be folly, and negligence, for a driver to insist upon his technical right of way when a prudent man would realize it would only bring danger upon himself and to other people.' . . . The statute does not give the driver of the car an absolute right to cross an intersecting street regardless of the fact that another car is approaching from the left." The same thought is expressed in *Rhinehart v. Jordan et al.*, 313 Pa. 197, 200; *Fraser v. Voight*, 100 Pa. Superior Ct. 248, and many other cases. In *Shapiro et ux. v. Grabosky*, 320 Pa. 556, we held that a motorist having the right of way at an intersection is negligent "if he goes across blindly and without performing his duty to look and keep looking for approaching traffic." He must "continue to look." *Meitner et al. v. Scarborough*, 321 Pa. 212, 215; *Jaski et ux. v. West Park Daily C. & D. Inc.*, 334 Pa. 12.

Appellant might have assumed that, since he had the statutory right of way, a car coming from his left would yield to that right; but he could not blindly rely on that technical rule of the road. He was under a duty to the approaching car to act with the care of a reasonable man under all the circumstances. He was, however, under a higher duty to the pedestrian lawfully crossing

the cartway in front of him; in these circumstances the statutory right of way over the other car could not be relied upon to alleviate his responsibility to the pedestrian. The circle of danger was so enlarged by the pedestrian's presence, increasing the motorist's duty of care and caution correspondingly, that he cannot be heard to say that he relied on obedience to the law by the driver of the other car. His duty of care was greater, and knowing that a car approached only a short distance from his left, seeing none approaching from the right, he was required to proceed cautiously, and with the utmost care, as though the right of way over the other car was not present; and if he failed to continue looking as he proceeded to cross, as he did here, he was guilty of negligence.

From an examination of the evidence and the charge with the points submitted, we conclude that the assignments are without merit.

Judgment affirmed.