## Kerr, Appellant, *v.* Augustine Construction Company, Inc.

Argued September 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Henry Panfil,* with him *Moore, Gossling & Panfil,* for appellant.

*Glenn A. Troutman,* with him *McWilliams, Wagoner & Troutman,* for appellee.

OPINION BY ARNOLD, J., March 5, 1946:

Plaintiff appeals from a judgment entered n. o. v. for defendant upon the ground of contributory negligence.

At about 1:30 P. M. the plaintiff was driving his truck northerly, and defendant was driving southerly on Limekiln Pike, a twenty foot wide macadam road in Montgomery County. Plaintiff, travelling at about four miles per hour, attempted to make a left-hand turn to enter a roadway on the western side. Before turning he saw defendant's vehicle travelling south on the pike at a distance which he afterward determined to be about 420 feet, and at an undeterminable speed. Plaintiff testified: "Well, I couldn't tell how fast he [Augustine] was going. He was coming toward me. You can't look

sideways at him" . . . "I can't say how fast he was going." . . . "No man can tell with a thing coming toward him how fast it is going."

There was evidence that about 420 feet from the accident defendant's vehicle was travelling some 55 to 60 miles per hour. The collision occurred when the front of plaintiff's vehicle had passed over the western margin of the road so that all but about two feet of defendant's side of the road was occupied by plaintiff's car.

Plaintiff asks that an inference be drawn that defendant's speed must have been 65 or 70 miles per hour, in order to reach the point of collision within the time that it took plaintiff to move to the point of accident while travelling at a rate of four miles per hour. Such a calculation has too many variables to be of assistance. The rate of speed of the plaintiff's vehicle is but an estimate. The point that he started from with relation to the center line of the highway is problematical. The length in feet or inches of the part of his vehicle which was beyond the western margin of the road at the time of collision must be indefinite. A predication, therefore, of such excessive speed of defendant's vehicle cannot be ascertained from the facts in evidence. For present purposes the defendant was negligent. The question is the contributory negligence of the plaintiff. We deem it of no importance whether plaintiff was attempting to turn into a private driveway or a public highway. Likewise plaintiff's estimated speed of four miles per hour and that he could stop within three feet is of no importance.

As to oncoming traffic (not right angle traffic) the plaintiff's testimony recognizes the self-evident truth, that even a reasonably prudent man *cannot* determine the speed of a motor vehicle approaching him on the same roadway, nor its distance from him.

A plaintiff who turns his motor vehicle across the path of oncoming traffic is guilty of contributory negligence, unless the accident would not have occurred had

not the defendant increased his speed after the plaintiff committed himself to the crossing. Cf. *Hess v. Mumma,* 144 Pa. Superior Ct. 313, 19 A. 2d 524; *Peters v. Shear,* 351 Pa. 521, 41 A. 2d 556. There is no evidence that defendant's speed was thus increased, nor can mathematical calculations supply that lack. In the present type of case the plaintiff may not relieve himself of contributory negligence by saying that he either misjudged the defendant's speed or formed no judgment at all, o· that he *thought* it was safe to cross. An erroneous conclusion cannot be justified by an inadequate observation.

Judgment affirmed.