Keiser, Appellant, *v.* Philadelphia Transportation Company (et al., Appellant).

Argued December 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Aaron W. White,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, and *John J. K. Caskie,* Assistant City Solicitor, for defendant, City of Philadelphia.

*Joseph G. Feldman,* with him *Edward J. Swotes,* for plaintiff.

*Harold Scott Baile,* with him *Bernard J. O'Connell,* for defendant, Philadelphia Transportation Company.

OPINION BY MR. JUSTICE DREW, March 26, 1947:

Linda M. Keiser, a widow, brought this suit in trespass against Philadelphia Transportation Company and City of Philadelphia to recover damages for personal injuries sustained by her in a fall while crossing an icy street intersection. The jury returned a verdict against both defendants. The learned court below granted the motion of the Transportation Company for judgment n. o. v., but refused the motions of the city for a new trial and for judgment n. o. v., and judgments were accordingly entered. These appeals by Mrs. Keiser and City of Philadelphia followed.

Construing the testimony in the light most favorable to plaintiff, as we are bound to do, the following facts appear: Greene Street, in the Germantown section of Philadelphia, runs north and south, and is intersected by Upsal Street on the east side only, forming a "T" crossing. Waters from both streets drain into this intersection. At the southeast corner thereof, the contour of the paving is such as to form a slight depression. A street sewer is located on Greene Street near this corner. On February 6, 1945, when this accident occurred, the sewer was completely clogged and covered with ice. The ice extended over the curb and upon a large portion of the sidewalk. There was testimony that mounds or ridges of ice, varying from four to at least eight inches in height, were upon the entire crossing. For about six or seven weeks prior to the happening of the accident this dangerous obstruction to traffic was substantially unchanged.

About eight-forty-five the morning of the accident, plaintiff, fifty-eight years of age, was walking across Upsal Street from the southeast to the northeast corner of this intersection. She was on her way from her home to her work in downtown Philadelphia. She said she was proceeding slowly and looking where she was going, and that when she reached a point on the crosswalk six or eight feet from the southeast corner, she slipped "on

a ridge of ice" and fell to the street, sustaining serious and painful injuries.

In her appeal, Mrs. Keiser raises but one question—Was it error to grant the motion of the Transportation Company for judgment, notwithstanding the verdict? While no duty devolved upon that company to keep the streets in a safe condition, it nevertheless was its practice, in order to keep its buses in operation after a heavy snow, to use snow plows or sweepers on Greene Street. The negligence she alleged was that these plows or sweepers had forced snow or ice from the intersection upon the crosswalk where the accident occurred. Plaintiff failed, however, to produce any evidence as to the quantity of snow and ice which was thus forced upon the crosswalk at the precise spot where it was piled, or whether any snow or ice had been placed in this manner at the point where plaintiff fell. Obviously, it was essential to show that some snow or ice was forced by the company's employees upon the crosswalk at the point where the accident happened, inasmuch as the crosswalk was forty-four feet long and twelve feet wide, and it was not claimed that snow and ice had thus been spread over the entire crosswalk. Furthermore, at least several days had elapsed between the time the company last operated its plows or sweepers over the intersection and Mrs. Keiser fell, and in the meantime the normal flow of vehicular traffic, which was heavy, probably changed the contour of any snow or ice. Plaintiff failed to make out a prima facie case against the Transportation Company. Her evidence was vague and entirely insufficient to show any negligence on the part of that company, and, therefore, it was obligatory upon the court below to grant its motion for judgment n. o. v.

Defendant, City of Philadelphia, bases its appeals on two main contentions: (1) that no negligence on its part caused plaintiff's injuries; and (2) plaintiff must be declared contributorily negligent as a matter of law.

Much evidence was presented by plaintiff to show that the entire crossing, as well as the nearby sewer, was covered with ridges of ice, varying from four to at least eight inches in height. The testimony, if true, shows that plaintiff's fall was due to a dangerous accumulation of ice and snow permitted to exist by the municipality for a period of six or seven weeks. A stoppage of the sewer materially contributed to this hazardous situation. It was the municipality's duty, within a reasonable time, to open its sewer and to remove the accumulated ice and snow from the crosswalk. The city had at least constructive notice of this condition. Under the circumstances, the question of the city's negligence was properly submitted to the jury.

The municipality did not seriously question that a negligent condition existed at the crossing at the time of the accident, nor could it successfully do so. It argues rather that that negligence was not the proximate cause of plaintiff's injury, basing its contention on the claim that she did not describe the specific ridge of ice which caused her to fall. The evidence adduced by plaintiff, if believed by the jury, not only shows the general dangerous condition of the crosswalk, but also that the precise place where she fell "on a ridge of ice" was "full of ridges and mounds", some of which were "about eight inches . . . some were about four or five." This was a sufficiently clear description of the condition which caused Mrs. Keiser to fall. Plaintiff's evidence was ample to show that her fall was due to ice, four to at least eight inches in thickness, upon the crosswalk which directly resulted from the negligence of the city in permitting its sewer to be clogged and such a quantity of ice and snow to remain on the crosswalk for such a long period. Under the facts of this case, a recovery may be sustained, whether the ice was smooth, rough or in ridges: *Kohler v. Penn Township*, 305 Pa. 330, 157 A. 681.

In *Fritzky v. Pittsburgh*, 340 Pa. 217, 16 A. 2d 422, a defective drainage case, this Court held that it was

for the jury to determine whether the city was negligent in permitting water to accumulate on the sidewalk and street, which later froze and resulted in injury to plaintiff. There we said (pp. 220-221) : "The instant accident was not the result of a 'general slippery condition' of the streets, or the result of a 'normal' amount of ice upon the streets. It resulted from an accumulation of ice and snow over a period of weeks, which, because of its size, covered all the sidewalk and half the street, and constituted a dangerous obstruction in the public highway. We said in Bailey v. Oil City . . . [305 Pa. 325] : 'Where the existence of ice upon the walk results from the city's negligence, as in case of suffering water to flow upon the walk from a broken hydrant (Decker v. Scranton City, 151 Pa. 241), or from a defective water pipe (Dean v. City of New Castle, 201 Pa. 51), or by reason of the stoppage of a drain (Manrose v. Oil City, 178 Pa. 276), it may be liable for injury sustained thereon whether or not the ice is in ridges.' In Decker v. Scranton City, supra, we said: 'It was certainly its [the city's] duty to construct and maintain suitable ditches and sluices to carry off the water which ordinarily flowed from springs and other sources outside and in the vicinity of the highway. It could not in violation of this duty allow such water to run along the center of or over the road, until there was an accumulation of ice from it which rendered unsafe and obstructed travel thereon, without incurring liability to a party who in consequence thereof sustained an injury . . . If the water from the broken hydrant came upon and ran over the road as described . . . and the ice complained of was formed by it, the city cannot escape responsibility on the plea that the ice had not "so accumulated in hills and ridges as to form an obvious physical obstruction to travel" . . . It was a condition which was attributable to the defective construction of the road, in conjunction with the ice which was negligently allowed by the city to form and remain there. The case was for the jury.' "

See also *McCracken v. Curwensville Boro.*, 309 Pa. 98, 163 A. 217.

The city's other contention is that plaintiff was guilty of contributory negligence as a matter of law, inasmuch as the accident happened in daylight and she knew of the icy condition of the street. Negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Carden v. Phila. Transp. Co.*, 351 Pa. 407, 41 A. 2d 667. Plaintiff did not ignore a known dangerous condition. She attempted to walk cautiously over the crosswalk as she had done on many days previous to the accident when substantially the same icy condition prevailed. An alternate safer route was not shown to exist. The testimony showed that the other available routes were at least as dangerous. It was for the jury to determine whether or not plaintiff exercised proper care in passing over the crosswalk at this intersection, notwithstanding its icy condition. She was not obliged to remain at home merely because the city failed to keep open its sewer and remove an obstruction from its streets, on the pain that if she ventured upon the sidewalks or streets and was injured through the negligence of the municipality she cannot recover: *Evans v. Philadelphia*, 205 Pa. 193, 54 A. 775.

In *Holbert v. Philadelphia*, 221 Pa. 266, 70 A. 746, where the facts were similar to those of the instant case—plaintiff knew of the icy condition and fell in broad daylight—, we affirmed a judgment against the municipality. This Court there said (p. 274) : "Whether the plaintiff exercised proper care in passing along the sidewalk, and whether she fell from any want of care on her part, were for the jury. It has been argued that as she approached the bridge she saw ice on the pavement, both in and outside the tunnel, and that, therefore, it was negligence for her to attempt to pass through the tunnel. That position, however, is wholly untenable. There was nothing there to admonish her that by the exercise of

care she could not pass with safety through the tunnel. She had done so on a previous occasion when the same or similar conditions existed. The danger was not immediate or imminent. The sidewalk was in constant use by the people of that vicinity . . . Under the circumstances, therefore, it was not negligence, to be declared by the court, for the plaintiff to use the sidewalk." See also *Brown v. White*, 206 Pa. 106, 55 A. 848; *Steck v. City of Allegheny*, 213 Pa. 573, 62 A. 1115; *Weismiller v. Farrell*, 153 Pa. Superior Ct. 366, 34 A. 2d 45.

We have carefully examined all the assignments of error and find no merit in them.

Judgments affirmed.