Silfies, Admrx., *v.* American Stores Company,
Appellant.

Argued May 26, 1947.  Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON and STEARNE, JJ.

G. *Mason Owlett*, with him *A. Albert Gross*, for appellant.

*T. McKeen Chidsey*, with him *Charles D. Hogan*, *Chidsey, Maxwell, Fackenthal & Teel* and *Hogan & Scott*, for appellees.

OPINION BY MR. JUSTICE DREW, June 30, 1947:

Kenneth A. Silfies was killed in a motor vehicle accident and as a result two actions in trespass were instituted against defendant, American Stores Company. In one suit his widow, Lorraine Susan Silfies, as administratrix of the estate of her deceased husband, Kenneth A. Silfies, seeks to recover: (a) under the "survival" statute, damages on behalf of decedent's estate for the pecuniary loss sustained by decedent; and (b) under the "death" statutes, the financial loss suffered by her and by their three minor children because of her husband's death. The other suit was brought by Michael Kovach, owner of the tractor-trailer truck operated by decedent at the time of the fatal collision, and that plaintiff now seeks to recover damages for the destruction of his truck. The cases were consolidated and tried together and verdicts rendered for plaintiffs. Defendant filed separate motions for judgment n. o. v. and a new trial in each action, all of which were refused by the court en banc. After a remittitur was filed, judgments were entered on the verdicts and these appeals by defendant followed.

Interpreting the testimony most favorably to plaintiffs, as we are required to do, the pertinent facts are:

Three trucks were involved in the accident, the tractor-trailer oil truck (later referred to as oil truck) owned by plaintiff Kovach and operated by Silfies, decedent; an American Stores truck (referred to as defendant's truck) owned by American Stores Company, defendant, and operated by Wallace Campbell, and a service truck (referred to as service truck) owned by Beth Allen Sales and operated by Forrest Rothenberger.

On May 4, 1944, at about four P. M., a clear day, decedent was driving the oil truck, containing fuel oil, northwardly along Main Street, a 40-foot through highway, in the Borough of Hellertown, Northampton County, toward an intersecting street, known as Cherry Lane to the east of Main Street and Kiernan Avenue to the west thereof. These streets are located about in the center of an 1800-foot straightaway along Main Street. Campbell was driving defendant's truck southwardly along Main Street toward the same intersection.

Shortly before the accident, Rothenberger had repaired defendant's truck and by arrangement with Campbell was following him to see if defendant's truck was operating satisfactorily. When they came to Cherry Lane, Campbell looked for oncoming traffic, saw the oil truck approaching, but proceeded across its path without giving any signal of his intention to do so or again looking to determine the position of the oil truck. As the rear of defendant's truck cleared the middle of Main Street, Rothenberger, who was still following it, saw the oil truck for the first time. He fixed its position then as being "about the south line of Cherry Lane". To avoid a collision with defendant's truck, decedent turned his truck sharply to the left, causing it to "jack-knife" and overturn. He successfully avoided defendant's truck, but as his truck overturned it struck the service truck, and came to rest a few feet north of the intersection of Kiernan Avenue. Decedent was pinned in the wreckage and while efforts were being made to extricate him, an explosion occurred which ignited the fuel oil, and while thus trapped, he burned to death.

In support of the contention that judgment n. o. v. should have been entered by the learned court below in each suit, defendant presents the dual argument that there was not sufficient evidence of its negligence to submit the case to the jury, and, that decedent was guilty of contributory negligence as a matter of law.

When Campbell started to make the left turn into Cherry Lane, he admits he saw the approaching oil truck and proceeded without again looking to check its position. This, in itself, was negligence. A motorist, even if he has the right of way, must continue to look for oncoming traffic: *Webb v. Hess*, 335 Pa. 401, 6 A. 2d 829. But further, Rothenberger testified that the oil truck, when the rear of defendant's truck cleared the middle of Main Street, was at "about the south line of Cherry Lane". If the witness was not mistaken, this would place decedent, at that moment, approximately fifteen feet from defendant's truck. This was ample evidence to justify the jury's finding that Campbell made the left turn in front of the oil truck when it was in such close proximity that the turn could not be negotiated with safety to decedent. Rothenberger's testimony, if believed by the jury, established the negligence of defendant.

Rothenberger also stated that he did not see any warning signal given by defendant's driver, but admitted that it was not impossible that the light may have been turned on without his noticing it. In this regard, he testified: "Usually if the lights flash on it attracts your attention, but I didn't see any." This witness, driving directly behind defendant's truck, was in a most favorable position to see warning signals if any were given by Campbell, and therefore, his testimony was sufficient to take the question to the jury notwithstanding evidence for the defense that a visible warning signal was given. In *Kindt v. Reading Co.*, 352 Pa. 419, 43 A. 2d 145, under a factual situation closely analogous to that presented in the instant case, this Court held that such testimony was

for the jury. Mr. Chief Justice MAXEY, speaking for the Court, there said (p. 426) : "The probative value of a truthful witness' statement as to what he saw or heard depends on its factual background and on his sensory powers and the accuracy of his memory. Judging the credibility of a witness and the weight of his testimony is preeminently a jury's function." Here there is an additional reason why this disputed factual question was for the jury. Defendant's evidence was seriously deficient in that, though Campbell testified he gave a signal, he does not state just when the signal was given. To constitute an adequate warning, a directional signal light must be illuminated in proper time to give the approaching driver an opportunity to react to the warning. Clearly this conflict as to whether or not a proper warning was given could only be resolved by a jury.

The question of whether the negligence of defendant was the proximate cause of the accident was likewise for the jury. The testimony adduced, if believed by the jury, proved that decedent turned left to avoid contact with defendant's truck and then was suddenly confronted with another emergency, the presence of the service truck which was following defendant's truck. Under these circumstances, decedent was met with an emergency created by defendant's negligent conduct and defendant cannot now escape liability simply because decedent's instant reaction to avoid a collision was momentarily successful and defendant's truck was not struck. The natural result of the negligence of defendant was to put decedent in a position of danger and even if a mistake of judgment were made in the emergency thus created, defendant is not relieved of liability: *Polonofsky v. Dobrosky*, 313 Pa. 73, 169 A. 93.

We cannot agree with the contention of defendant that decedent was contributorily negligent as a matter of law. There is a presumption that the person killed in an accident was exercising due care: *Michener v. Lewis*, 314 Pa. 156, 170 A. 272; *Rowles v. Evanuik*, 350

Pa. 64, 38 A. 2d 255. The record is barren of evidence to rebut this presumption. There is no evidence that decedent was operating the oil truck at an excessive speed or in a negligent manner. In *Kuneck v. Conti,* 277 Pa. 455, 457, 121 A. 324, we said: "One approaching from the opposite direction would naturally expect the driver to proceed in the same line, unless apprised of an intention to turn at a right angle." This doctrine was reiterated in *Reidinger v. Lewis Jones, Inc.,* 353 Pa. 298, 45 A. 2d 3. Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Keiser v. P. T. C.,* 356 Pa. 366, 51 A. 2d 715.

We have not found anything to support defendant's request for a new trial. Its argument that the trial judge erred in certain portions of his charge is without merit. We have very carefully examined the whole charge and have found it full and complete, and entirely free from error.

Judgments affirmed.