## Hilbert v. Stinger et al.

*Matten & Matten,* for plaintiff.
*Stevens & Lee,* for defendants.

HESS, J., August 24, 1948.—This proceeding arises out of an action in trespass instituted by plaintiff Ralph M. Hilbert against defendants Fannie Stinger, Philip Stinger, Jr., and Harry Stinger, trading as Philip Stinger Company, and Harry C. Warner. A trial before a jury resulted in a verdict for plaintiff whereupon defendants filed motions and reasons for judgment n. o. v. and for a new trial.

Harry C. Warner on September 13, 1945, was the operator of a tractor-trailer owned by the other defend-

ants and was delivering a load of roofing material to the premises of the Stelwagon Manufacturing Company located at the northwest corner of Front and Chestnut Streets in the City of Reading. Plaintiff on the same date was an employe of the Stelwagon Manufacturing Company and was in charge of the premises. The tractor-trailer was 8 feet wide, 11 feet 3 inches high and its over-all length was 32 feet 8 inches. Warner backed the truck into the Chestnut Street entrance of the premises, coming down an incline from the street level and entering by an entranceway approximately 11 feet 7 inches in height and the same distance in width.

The evidence relative to maneuvering the truck outside the building to place it in a position to back into the building and the noise caused by this operation varied with the testimony of the witnesses. Whether or not there was any person present to guide the truck driver in backing into the building was also disputed and a question for the jury. The jury, under the evidence, was warranted in finding, however, that Warner backed the truck into the building at a speed of from five to six miles per hour; that he could not and did not observe what was to the rear of his truck and that no one was there to guide him in backing the vehicle; that he did not sound his horn during the process of backing the tractor-trailer and had not first examined the area of the building into which he proposed to back the vehicle.

Twenty-one feet six inches from the entrance inside the building were two posts, one iron and one wood. The wooden post was in a direct line with the eastern end of the entrance and the metal post was slightly to the west of the other post. Piles of roofing material formed an angle around the posts and in this angle plaintiff was engaged in checking the material. He testified that he was unaware of the approach of the

tractor-trailer until it was almost upon him at which time he was trapped between the tractor-trailer which was backing toward him and the roofing material forming the angle. Plaintiff was working in a position so that his back faced the direction from which defendant's vehicle was approaching. Plaintiff's arm was caught between the posts and the back of the tractor-trailer and severely injured.

We are of the opinion that under the evidence the question of negligence was for the jury.

"Backing a motor vehicle any distance unless the driver is absolutely certain there is no person in his pathway involves a risk, as countless accidents on sidewalks and elsewhere, resulting from that practice attest. Motor vehicles have proved to be dangerous instrumentalities. They annually take a huge toll of 'life and limb'. Persons who operate such instrumentalities should, in order to be prudent drivers, become 'danger conscious' ": Caulton v. Eyre & Co., Inc., 330 Pa. 385, 388.

Defendant Warner took little, if any, precautions to determine what if anything was in the pathway of the 20-ton vehicle he was backing through the narrow entrance and into the building. Admittedly he did not sound his horn.

In considering the question of plaintiff's contributory negligence we must bear in mind that he was engaged in working in the interior portion of his employer's building—a place where he certainly had a right to be. Whether he knew or should have known of the approach of the truck was in dispute. The time consumed by the vehicle in traveling from the entrance to the place where the accident occurred, a distance of approximately 21 feet, was but a few seconds. When plaintiff first became aware of the approach of the vehicle he was trapped in the corner formed by the roofing materials. Under all the evidence the court

cannot declare as a matter of law that plaintiff was guilty of contributory negligence. "To enter judgment for a defendant non obstante veredicto requires evidence of contributory negligence which is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions": Elbell, Admr., v. Smith, 357 Pa. 490, 494. See also Silfies, Admx., v. American Stores Co., 357 Pa. 176; McCracken v. Curwensville Borough, 309 Pa. 98; and Caulton v. Eyre & Co., Inc., supra, where the Supreme Court stated, p. 390:

"The court can declare as a matter of law that a certain state of facts amounts to contributory negligence on the part of a plaintiff or shows absence of negligence on the part of a defendant only in cases so clear that there is no room for fair and sensible men to differ in their conclusions from the available data." Accordingly we see no merit in defendants' motion for judgment n. o. v.

The principal reasons assigned in the motion for a new trial concern certain objections relative to the charge of the trial judge. While it is true as argued by plaintiff that no objection was made at the trial and that when defendant was given an opportunity at that time to request further instructions none were requested, nevertheless, in the interest of justice we are of the opinion that a new trial should be allowed.

Defendant complains of the instructions relative to damages for delay in payment. The instructions given should have distinguished between those items of damages for which damages for delay in payment are allowable and those items for which such damages are not allowable: Conover v. Bloom, 269 Pa. 548. It is true as contended by plaintiff that the objection now raised by defendants could be cured by reducing the verdict accordingly: Dunkelberger v. Common-

wealth, 41 D. & C. 459. A more compelling reason, however, moves us to grant a new trial.

Among the items of damage claimed by plaintiff was a claim for future impairment of earning power. While no objection or request was made at the trial, defendant now contends that fuller instructions should have been given calling to the attention of the jury the necessity of determining the duration of time that the impairment if any might continue, probable life expectancy and the likelihood that with increased age one's earning power ordinarily decreases. With this contention we agree. The only difficulty arises because no request was made for fuller instructions at the trial at which time the matter could easily have been corrected: McCaffrey v. Schwartz, 285 Pa. 561; Hysong v. Kenny Transfer Co., 304 Pa. 102; Rice v. Hill et al., 315 Pa. 166; Meholiff v. River Transit Co., 342 Pa. 394, where the court stated, p. 398:

"Where, as here, no particular instructions are requested, the court is responsible for the general effect of the charge as a whole and is required to instruct as to matters of law that are fundamental to the case, but it is not responsible for a mere failure to elaborate general principles. If the court had been asked to enlarge on the subject it undoubtedly would have done so. A party may not remain silent and take his chances on a verdict, and then, if it is adverse, complain of mere inadequacy which could have been corrected."

In the case before us, however, the allowance for losses projected into the future is rather large when one subtracts from the verdict of $10,000 the determinable damages which were established as of the time of the trial. In Burns v. Pittsburgh Railways Co., 109 Pa. Superior Ct. 490, the Superior Court suggests that if the amount of the verdict for damages in the future indicates that the jury may have misunderstood that portion of the charge, then the allowance of a

new trial is proper. We are not to be understood as saying that in our opinion the verdict is excessive when considered in relation to the injuries sustained by plaintiff. We are of the opinion, however, that in view of the fact the greater part of the verdict must be attributed to damages projected into the future the jury should have received fuller instructions relative to those items. Under all the circumstances we are of the opinion that a new trial should be allowed.

And now, to wit, August 24, 1948, the rule for judgment n. o. v. is discharged, and the rule for a new trial is made absolute and a new trial is allowed.