John J. SASCARA, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 15749.

United States District Court
W. D. Pennsylvania.

May 13, 1958.

George P. Slesinger, Pittsburgh, Pa., for plaintiff.

Hubert I. Tietelbaum, U. S. Atty., Donald C. Bush, and Samuel S. Blaufield, Asst. U. S. Attys., Pittsburgh, Pa., for United States.

GOURLEY, Chief Judge.

This is an action under the Federal Tort Claims Act for damages alleged to have been sustained in an automobile accident. 28 U.S.C.A. § 2671 et seq.

The substantive rights of the parties are governed by the law of Pennsylvania.

The plaintiff was driving his vehicle on a through highway which intersected with a secondary road at a T intersection. The intersection was hazardous and the view of approaching traffic on each of the highways was obstructed so that operators of vehicles on both highways could not see approaching traffic until in very close proximity to the intersecting highways. The accident occurred at a point 10 to 25 feet from the intersection on the through highway when the vehicle of the government drove from the secondary road on to the through highway, and struck the vehicle of the plaintiff.

The Pennsylvania Motor Vehicle Code provides, inter alia, that the driver of a vehicle entering a through highway shall yield the right of way to vehicles approaching the intersection on the main or through highway from either direc-

tion. Act of May 1, 1929, P.L. 905, 75 P.S.Pa. § 573(c).

■ Under said provisions of law it it is the duty of a motor vehicle driver who approaches an intersection of a main highway to stop and to yield the right of way to vehicles approaching the intersection on the main highway from either direction unless he is so far in advance that, in the exercise of reasonable care and prudence, he is justified in believing that he can cross the intersection ahead of the approaching vehicles without danger of a collision. Dougherty v. Merchants' Baking Co., 313 Pa. 557, 169 A. 753.

The Motor Vehicle Code in Pennsylvania further provides that although the driver of a vehicle entering a through highway has the duty to yield the right of way to all vehicles approaching in either direction on such through highway, a duty exists on the part of the operator of a vehicle on a through highway to drive with due regard for the safety of vehicles entering such through highway, nor shall said provision of law protect the driver of any vehicle on a through highway from the consequences of an arbitrary exercise of such right of way. Act of May 1, 1929, P.L. 905, art. X, Section 1014 and Amendments, 75 P.S.Pa. § 573.

■ Upon an evaluation of the evidence, I must conclude that the Army vehicle was operated in a negligent manner, and as a result thereof the plaintiff was placed in a sudden emergency which was not one of his own creation, which placed the plaintiff in a position of danger. Since the sudden emergency was not created through any act of omission or commission on the part of the plaintiff, and he used the best judgment possible under the circumstances, I must further conclude that no contributory negligence existed on the part of plaintiff. Silfies v. American Stores Co., 357 Pa. 176, 53 A.2d 610; Polonofsky v. Dobrosky, 313 Pa. 73, 169 A. 93.

■ The plaintiff is, therefore, entitled to recover four separate and distinct items of damages:

A. Medical Expenses, Hospitalization and Out of Pocket
Expenses:

| | |
|---|---:|
| St. Clair Memorial Hospital (from 7/10/56 to 7/28/56) | $ 489.55 |
| St. Clair Memorial Hospital (from 8/20/56 to 8/23/56) | 103.25 |
| St. Clair Memorial Hospital (x-ray) | 15.00 |
| Drs. H. G. Bregenser and Karl E. Blake | 365.00 |
| Dr. W. W. Ruehl | 300.00 |
| Dr. Robert Love Baker | 25.00 |
| Dr. J. Murl Johnston | 40.00 |
| Dr. Murray B. Ferderber | 50.00 |
| Dr. Floyd H. Bragdon | 15.00 |
| Drug Bills | 6.35 |
| Damage to or loss of personal property (excluding automobile) | 110.00 |
| Damage to automobile | 1,145.00 |
| Towing and storing charges | 35.00 |
| Total | $2,699.15 |

B. Loss of Wages:
From July 10, 1956, to Sept. 24, 1956 — 650.00
C. Impairment of Earning Power:

The plaintiff is earning more money in the employment which he is now pursuing than what he made prior to the accident, his employment being in the classification clerical or collection work in which no physical effort or extended application of the functions of his body is required. However, the plaintiff has worked as a brick layer, stone mason and machinist. Due to the injuries sustained he would be limited in his ability to follow employment of said nature. He is a man thirty-eight years of age, and was in good health prior to the accident, and had no limitations on his ability to engage in any type of employment. The medical testimony requires the conclusion that an impairment of earning power exists. Damages should be awarded for this item in the amount of $1,500.

D. Pain, Suffering and Inconvenience:

The injuries sustained by the plaintiff were such in nature that surgery was required to the nose and to the right wrist. He has difficulty with the wrist and experiences headaches and discomfort, and is limited in his ability to engage in the same activities which he experienced prior to the accident. I believe a fair amount for the pain, suffering and inconvenience, past, present and future, is $5,000.

The Court enters the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. On July 10, 1956, at approximately 1:45 o'clock P.M., a United States Army truck operated by Pvt. Donald M. Dixon, United States Army, within the scope of his official duties, was in a collision with a Buick automobile owned and operated by plaintiff in Federal, Allegheny County, Pennsylvania, near the intersection of State Legislative Route A–4624 and Thom's Run Road.

2. The Army vehicle was traveling in a generally southerly direction on Thom's Run Road and the plaintiff's automobile was traveling in a generally westerly direction on State Legislative Route A–4624 at the time.

3. Prior to the accident plaintiff was proceeding uphill on Legislative Route A–4624 at a speed between 20 and 25 miles per hour.

4. At the time of the collision plaintiff's automobile was on his side of the road and was between 10 and 25 feet before the eastern line of the intersection.

5. A third automobile operated by Mr. Angelo Baronio and which was following the plaintiff's automobile was involved in a collision with the rear of the plaintiff's automobile after the plaintiff's automobile and the United States Army truck collided. Mr. Baronio is not a party to the present action.

6. Legislative Route A–4624 is a more heavily traveled road than Thom's Run Road and is considered the main road.

7. The intersection is in the nature of a "T" intersection and Thom's Run Road does not cross over Legislative Route A–4624.

8. A Stop Sign which was designed to stop southbound traffic on Thom's Run Road had been removed by vandals and at the time of the accident there was no Stop Sign at said intersection.

9. The Army truck came out of the intersection at a speed of approximately 45 miles per hour, came onto the side of Legislative Route A–4624 reserved for traffic in the direction in which the plaintiff was traveling, and a practically headon collision occurred.

10. It was daylight at the time of the accident, the weather conditions were clear and the road surface was dry.

11. As a result of the accident plaintiff was knocked unconscious, was bleeding and was taken by ambulance to the St. Clair Hospital, 1000 Bower Hill Road, Mt. Lebanon, Pennsylvania, where he remained from July 10, 1956, to July 28, 1956.

12. Plaintiff returned to the St. Clair Memorial Hospital on August 20, 1956, and remained there until August 23, 1956, for a sub-mucous resection of

the nasal septum and stayed on at the hospital for an additional two days for a tonsillectomy, which latter operation had no connection with the accident.

13. Plaintiff is thirty-eight years old, is married and is employed as a collection agent and adjuster for Kemble & Mills, Inc., of Pittsburgh, Pennsylvania. He completed the tenth grade in school, was in the Army for four and one-half years, was in the European theatre, was a gunner on a B-24, was a Sergeant when he was honorably discharged and during his service in the United States Army he attended Technical Mechanic's School at Ft. Knox, Kentucky and the Army Gunnery School in Denver, Colorado. Prior to the accident plaintiff was an outdoorsman, did a lot of hunting and fishing, made spare money bricklaying, blocklaying and painting, was a machine operator at General Electric Company, and had taken a one year course at a bricklaying school in Erie, Pennsylvania.

14. Plaintiff was employed by Kemble & Mills, Inc., at the time of the accident and was unable to work for the period from July 10, 1956, to and including September 24, 1956, and at the time of the accident was earning a weekly salary of $65, and during said period lost the sum of $650 in salary.

15. In addition to the loss of earnings as set forth in Finding Fourteen, plaintiff's actual expenses as a result of the accident were as follows:

| | |
|---|---:|
| St. Clair Memorial Hospital (for confinement from 7/10/56 to 7/28/56) | $ 489.55 |
| St. Clair Memorial Hospital (for confinement from 8/20/56 to 8/23/56) | 103.25 |
| Carried forward ........ | $ 592.80 |
| Brought forward ....... | $ 592.80 |
| St. Clair Memorial Hospital, x-ray | 15.00 |
| Drs. H. G. Bregenser and Karl E. Blake | 365.00 |
| Dr. W. W. Ruehl | 300.00 |
| Dr. Robert Love Baker | 25.00 |
| Dr. J. Murl Johnston | 40.00 |
| Dr. Murray B. Ferderber | 50.00 |
| Dr. Floyd H. Bragdon | 15.00 |
| Drug bills | 6.35 |
| Damage to or loss of personal property (excluding automobile) | 110.00 |
| Damage to automobile | 1,145.00 |
| Towing and storing charges | 35.00 |
| Total | $2,699.15 |

16. As a result of the accident the plaintiff was knocked unconscious. He was first confined in the hospital for 19 days and was later again confined for 5 days. The plaintiff sustained injury of upper ribs including fractures of the second, third, fourth, fifth, sixth, seventh and eighth ribs, right side; severed flex carpi ulnaris tendon on the right; injury to the sternum, cerebral concussion. He had some fluid in the pleural cavity, suffered considerable distress in breathing, was unable to move his wrist on the right and he sustained a deep laceration on the forearm. He was taken to the Operating Room at the hospital and under analgesia the laceration of the forearm was cleansed and the cut ends of the tendon of the flex carpi ulnaris were sewed together. He sustained some loss of feeling over his little finger and ringfinger on the right on the

back of the hand, and has a partial loss of feeling on the back of the little finger and ring finger which is of a permanent nature. He has a 25 to 50% loss of feeling in said fingers, is unable to feel extremes of temperatures such as frost bites and burns, and the percentage of normalcy in said two fingers is between ½ and ¾, the loss being 25 to 50%. As a result he experiences difficulty with his work, tires at the close of the day, his hand swells and discolors. The plaintiff sustained a compound fracture of the nasal bones and a severe bilateral deviation of the nasal septum. As a result of the fractured septum and displacement, plaintiff's breathing was greatly impaired in both nostrils. The plaintiff underwent further surgery for a submucous resection of the nasal septum and the bilateral deviation of the nasal septum was corrected. He was given a local anesthesia for this operation. If the plaintiff suffers another injury to his nose at some later date, the result would be more severe than if he had not had surgery and he would probably have external deformity which would require bone grafting or cartilaginous grafting or plastic surgery to correct. The plaintiff's injuries caused great pain, suffering and inconvenience. Medical attention was required for some time and plaintiff has not fully recovered. The plaintiff also required physio-therapy and heat treatments which did not significantly help him. He still suffers from headaches and has trouble with his breathing. His chest still pains him and he still has trouble with his nose. He has a three and one-half inch scar on the right wrist. There is some deformity where the rib fractures were present.

17. Although the plaintiff did not suffer any loss of earnings in excess of the loss of earnings amounting to $650, his earning power has become impaired. He is unable to do the same kind of work now that he could do before the accident.

### Conclusions of Law

1. The United States District Court for the Western District of Pennsylvania has jurisdiction over this suit in Trespass which was brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq.

2. The accident was caused through the negligence of Pvt. Donald M. Dixon, United States Army, while operating a United States Army vehicle within the scope of his official duties and as a result thereof the defendant is liable.

3. Plaintiff was not guilty of contributory negligence.

4. Under all the law and the evidence, judgment should be entered in favor of John J. Sascara in the amount of $9,849.15.

An appropriate Order is entered.