Leasure, Appellant, *v.* Heller.

Argued October 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Avra N. Pershing,* with him *Dom A. Meffe* and *Robert P. Boyer,* for appellant.

*Murray S. Love,* with him *F. Regan Nerone,* and *Sikov & Love,* for appellee.

*John N. Scales,* with him *Scales, Shaw, Lyons & Ceraso,* for appellee.

*Henry B. Waltz, Jr.,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 11, 1969 :

About 12:15 a.m. on June 6, 1964, automobiles operated by John E. Leasure and Norman D. Heller, Jr., respectively, collided in Westmoreland County. Six trespass actions arising out of the accident were consolidated for jury trial with the following results.

(1) In an action wherein Arthur Leasure and John E. Leasure,[1] the owner and operator of the Leasure

---

[1] The plaintiff being a minor, this action was instituted on his behalf by his parent and natural guardian.

vehicle, respectively, sued Norman C. Heller, Jr., the former for property damage and the latter for personal injury, compulsory nonsuits were entered as to both claims. The basis of the nonsuit entered against Arthur Leasure was that he had failed to establish the loss claimed. The basis of the nonsuit entered against John E. Leasure was that he was guilty of contributory negligence as a matter of law.

(2) In an action wherein Agnes Heller, owner of the Heller vehicle, sued Arthur Leasure and John E. Leasure for property damage, the jury returned a verdict in the amount of $2300 in favor of the plaintiff against John E. Leasure only.

(3) In an action wherein Norman C. Heller, Jr., sued John E. Leasure for personal injury, the jury returned a verdict in favor of the plaintiff for $3000.

(4) (5) In an action wherein Barbara Ann Dull,[2] a passenger in the Leasure automobile, sued John E. Leasure for personal injury, and wherein Norman C. Heller, Jr., was joined as an additional defendant, the jury returned a verdict in the amount of $30,100 in favor of the plaintiff and against John E. Leasure only.

(6) In an action wherein Frank P. Kalemba, a passenger in the Heller vehicle, sued John E. Leasure and Norman C. Heller, Jr., for personal injury, the jury returned a verdict in the amount of $40,000 in favor of the plaintiff against John E. Leasure only.

Subsequent motions by John E. Leasure to remove the compulsory nonsuit entered in his personal injury action, and for a new trial in the other actions where-

---

[2] Barbara Ann Dull originally sued Norman Heller, Jr., through her parents and natural guardians. Subsequently, Barbara Ann married Harold Myers, and a second action was instituted against John E. Leasure, wherein Norman C. Heller, Jr., was joined as an additional defendant. These two actions were consolidated for trial purposes.

in the jury returned verdicts against him, were denied in the trial court. After the entry of judgments on the verdicts, John E. Leasure appealed.

Appellant's main contention is that the lower court erred in refusing to remove the challenged compulsory nonsuit. We do not agree.

The collision involved occurred at the intersection of a two-lane, black-topped, improved highway, known as Legislative Route 65256, which runs generally in a north-south direction, and a two-lane concrete improved highway, which runs into Legislative Route 65256 from the west, but not through it. There are no traffic control signals at the intersection. The weather was clear and dry.

At the time of the collision, the Leasure vehicle was traveling north on Legislative Route 65256 and was negotiating a left-hand turn to the west into the concrete intersecting highway, when it was struck by the Heller automobile which was traveling south on Legislative Route 65256. The testimony was conflicting as to how close the Heller automobile was to the intersection when the Leasure automobile made the left-hand turn across its pathway.

Appellant Leasure in his trial testimony stated that he first saw the lights of the Heller automobile as it came around a curve, approximately 1500 feet north of the intersection; that at the time, he was about 400 feet south of the intersection, traveling at a speed of 35 to 40 miles an hour; that when he reached a point approximately 300 feet south of the intersection, he began to slow down and turned on the signal indicating that he intended to make a left turn; that when he was about 50 feet south of the intersection, traveling at a speed of about 20 miles an hour, he saw the Heller automobile at a point about 500 feet north

of the intersection[3] traveling at a speed of about 50 miles an hour; that this was the last time that he made an observation of the Heller automobile and did not look at it again before making the left turn, but instead "looked at the road and the Dairy Queen to the right of the road and the intersection to my left;" that from the point where he last observed the Heller automobile, his automobile continued to lessen its speed and was traveling about 5 miles an hour at the time he made the left turn at the intersection. The lower court correctly ruled that under this testimony, Leasure was guilty of contributory negligence as a matter of law.

Appellees rely strongly on the case of *Kerr v. Augustine Construction Company*, 158 Pa. Superior Ct. 576, 45 A. 2d 913 (1946), but we agree with the appellant that this authority is inapposite. This is not a case where Leasure's testimony clearly establishes that he turned left at the intersection at a time when the Heller automobile was so close, that it can be said as a matter of law, that he was negligent in making

---

[3] While it is true that subsequently in his testimony, Leasure stated that the Heller automobile was only 250 feet north of the intersection, when he was 50 feet south of the intersection, this testimony is not to be considered in determining the correctness of the entry of the nonsuit. Where a plaintiff's testimony includes contradictions and irreconcilable statements, he is bound by his final statement only where the contradictions are pointed out to him, and he is given the opportunity to say which statement is correct. *Wolansky v. Lawson*, 389 Pa. 477, 133 A. 2d 843 (1957), and *Stewart v. Ray*, 366 Pa. 134, 76 A. 2d 628 (1950). This course was not followed in this case. Moreover, ". . . where in one part of plaintiff's own testimony he is clearly entitled to have his case submitted to a jury but not in another part and he is not confronted with the conflict or contradiction, it is for the jury to reconcile the conflicting statements and determine which shall prevail." *Gillingham v. Patz*, 429 Pa. 308, 313, 239 A. 2d 287, 289 (1968) ; accord, *Greene v. Philadelphia*, 279 Pa. 389, 124 A. 134 (1924).

the turn. But Leasure's testimony convicts him of contributory negligence as a matter of law for another reason.

As noted before, Leasure admitted that he neglected to look at the Heller automobile subsequent to the moment when his automobile was 50 feet south of the intersection. At that time, he was traveling 20 miles an hour, and his speed was constantly decreasing. Admittedly also, he knew that the Heller automobile was approaching the intersection from the opposite direction at a speed of 50 miles an hour. Nevertheless, he *blindly* made a turn across the lane of traffic upon which the Heller automobile was approaching without looking to see where the Heller automobile was located, or whether such a turn could be effected with reasonable safety.

A driver of a vehicle on a public highway turning from a direct line "shall first see" that such movement can be made in safety. The Vehicle Code, Act of April 29, 1959, P. L. 58, §1012, 75 P.S. §1012. One who fails to look can hardly be said to comply with this statutory mandate. Also, a driver of a vehicle who turns left across another lane of traffic without looking to see if another vehicle is occupying, or is about to occupy, his intended line of travel is guilty of negligence. *Silfies v. American Stores Company,* 357 Pa. 176, 53 A. 2d 610 (1947), and *Jamison v. Kamerer,* 313 Pa. 1, 169 A. 231 (1933). And even if the motorist has the right of way, in such a situation *he must continue to look* for oncoming traffic. *Silfies v. American Stores Company,* supra, and *Webb v. Hess,* 335 Pa. 401, 6 A. 2d 829 (1939).

Finally, appellant complains that certain statements made by counsel for the claimants to the jury during the course of argument were so improper and prejudicial as to require the grant of a new trial. Whether

114

a lawyer's argument to the jury transgresses the bounds of legitimate advocacy is primarily for the discretion of the trial judge, and we will not interfere with his exercise of discretion in connection therewith, unless the record manifests a clear abuse of discretion. *Purcell v. Westinghouse Broadcasting Company*, 411 Pa. 167, 191 A. 2d 662 (1963). We find no such clear abuse of discretion here.

The order and judgments are affirmed.