## Crago *v.* Sickman et al., Appellants.

Argued October 3, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Roy I. Carson,* with him *Moore & Gourley,* for appellants.—The incontrovertible physical facts and mathematical calculation support the theory of the defense that the deceased was not standing erect but rather suddenly leaned over at the time he was struck: Maue v. Rys., 284 Pa. 599; Folger v. Rys., 291 Pa. 205.

*Geo. Bloom,* of *Bloom & Bloom,* with him *Murray J.* and *Fred J. Jordan,* for appellee.—The "incontrovertible physical facts" rule does not apply to this case: Snyder v. Refining Co., 302 Pa. 320; Hartig v. Ice Co., 290 Pa. 21.

Defendant had ample opportunity to avoid hitting decedent: Miller v. Seibert, 296 Pa. 400.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

This action in trespass was brought by the plaintiff, Alice Crago, to recover damages for the death of her husband, Emanuel Crago, which resulted from injuries sustained by him when struck by an automobile owned by the defendant A. S. Sickman, and operated by his wife, Laura Sickman, the other defendant. From the entry of judgment on the verdict in favor of plaintiff, defendants appealed, assigning as error the overruling of their motion for judgment n. o. v.

Most of the facts relating to the accident are undisputed. Late in the afternoon of October 9, 1931, the deceased was standing on the sidewalk near the curb on the east side of Main Street in the Borough of Bentley-

ville, Washington County. This street extends through the town in a northerly and southerly direction; vehicles are parked only on the west side of the street, the east side being used for northbound traffic, and the center for southbound. The east sidewalk, where deceased stood, is 4½ inches above the roadway, which is 24 feet wide. Just before the accident, Mrs. Sickman was driving in a northerly direction near the center of the highway, at a speed variously estimated at between 15 and 45 miles per hour. As she approached the place where deceased was standing, she was forced to turn to the right, or east, side of the street in order to avoid a car coming from the opposite direction. In doing so, she went close to the curb, but not over it, and the car struck deceased on the left cheek, inflicting the injury—a broken neck—from which he died. The Sickman automobile was five feet seven inches high, while deceased was about five feet nine inches tall; the point of impact was about half way between the top and bottom of the windshield, and three or four inches in from the post supporting it at the end, or about eighteen inches from the outer line of the fenders.

The only material conflict in the testimony was as to whether the deceased, at the moment of the impact, was standing erect on the sidewalk or was bent over the curb. Plaintiff's witnesses testified that he stood erect until he was struck, while defendants' witnesses stated that he was leaning out over the roadway looking down the street in the direction opposite to that from which the Sickman automobile came. Defendants contend that because of the comparative height of the deceased and the Sickman car, it was physically impossible for the accident to have happened as it did had deceased been standing erect. Defendants claim that the only reasonable explanation of the event is that deceased, without looking to see what traffic might be approaching, suddenly leaned over and placed himself in the path of the car so that Mrs. Sickman could not avoid him, and that in so doing he was guilty of contributory negligence.

The rule of law upon which defendants rely is, of course, well settled; testimony in violation of incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected: Lessig v. Reading T. & L. Co., 270 Pa. 299; Lamp v. P. R. R. Co., 305 Pa. 520. But the instant case is not controlled by that doctrine. Even if the testimony that deceased was standing erect at the time of the accident be rejected as impossible, there was testimony on which the jury might have found that he was leaning over the street for such a period of time as to have afforded Mrs. Sickman ample opportunity to see him and avoid running him down. When the testimony is viewed in the light most favorable to plaintiff, as it must be on the review of the denial of a motion for judgment n. o. v., it is apparent that it was sufficient to support a finding that she was guilty of negligence in the operation of the car.

We cannot say the facts show that deceased was guilty of contributory negligence as a matter of law. According to the estimates of plaintiff's witnesses, the car was traveling 45 miles an hour, or 66 feet per second. At that speed it would traverse almost 200 feet in three seconds. It might well be that deceased, before he leaned over the roadway and looked to the north, looked south and saw the Sickman automobile, near the center of the street, 200 feet or more away, and reasonably concluded that there was no danger from that source, that a vehicle so far away and under control would not strike him. Yet a car approaching so rapidly and driven negligently would have struck him before he had been in such stooping position four seconds. Upon the facts of this case, deceased cannot be said to have been guilty of contributory negligence as a matter of law. The case was therefore for the jury, and the court below did not err in refusing defendants' motions for binding instructions and for judgment n. o. v.

Judgment affirmed.