Samuelson et vir., Appellants, *v.* McClelland.

210

Argued April 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John B. Brooks,* with him *Alban W. Curtze* and *Isaac J. Silin,* for appellants.

*O. J. Graham,* with him *Gunnison, Fish, Gifford & Chapin,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

This is an action of trespass arising from an automobile accident. The jury found for the plaintiffs, who were husband and wife; the court below granted defendant's motion for judgment n. o. v.; and plaintiffs have appealed.

As the verdicts were in favor of plaintiffs, they are entitled to have the testimony considered in the light most favorable to them, and they are to be given the benefit of every fact and inference of fact which may

be reasonably deduced from the evidence. *Probka v. Polis*, 124 Pa. Superior Ct. 129, 188 A. 393.

The accident happened on April 6, 1934, about 4 p. m., in Fairview, Erie County, Pa., at the intersection of two concrete highways, routes Nos. 20 and 98. Route No. 20 is paved 18 feet in width, and runs east and west, and route No. 98 is paved 20 feet in width, and runs north and south. There was a traffic light at the intersection which was in operation at the time. Wife plaintiff had parked her car on the south side of route 20, about 15 feet west from the west curb line of route 98, and about 25 or 30 feet west of the center of the intersection of the two highways. Upon starting her car she looked first to the east, which was the direction from which defendant was approaching the intersection. She said she saw no car coming, but saw a car that was parked between 200 and 300 feet distant east of the intersection on route 20. She looked to the north and south on route 98, and then observed that the traffic light was favorable. She looked in the mirror to ascertain if there was any car approaching from the rear, and seeing none she made the turn, at 5 or 6 miles per hour, to proceed through the intersection in a northerly direction on route 98. As she shifted into second gear, she saw the defendant's car very close, and it struck her within a second. She could see in an easterly direction on route 20 for 3/10 of a mile. On making the left-hand turn she did not give any signal of her intention; nor did she again make an observation as to traffic approaching from the east until she had entered the westbound traffic lane of route 20, when she observed defendant's car and was immediately thereafter struck. Defendant's car was proceeding west and approaching the intersection on the northerly side of route 20, with a favoring traffic signal, at a speed of 40 miles an hour, which was reduced to about 25 miles an hour when 60 feet from the intersection. Wife

plaintiff's car was three or four feet beyond the center of the intersection on the northerly side of the center line of route 20 when the collision occurred.

We agree with the court below that wife plaintiff was clearly guilty of contributory negligence. She testified that no traffic was approaching from the rear as she moved toward the intersection. She was confronted only with possible traffic moving east to west on route 20. The traffic signal was against traffic moving north and south on route 98. As she reached the northerly half of route 20 in the intersection on which traffic moved east to west, it was her duty to look to her right before proceeding across. This is especially true as such east to west traffic on route 20 had the right of way, unless it was obliged to yield such right to wife plaintiff by virtue of her visible signal of intention, as required by the Act of May 1, 1929, P. L. 905, art. 10, §1013b, as amended by the Act of June 22, 1931, P. L. 751, §2 (75 PS §572b, Pocket Part). She gave no such signal when within the intersection or when turning therein; nor did she look again to the east after starting forward, then about 15 feet from the westerly line of the intersection, until defendant's car was upon her as she entered defendant's path on the latter's side of the highway in the intersection. Had wife plaintiff looked, she must have seen defendant's approaching car as she had an unobstructed view in that direction for three-tenths of a mile. Although she was not required to anticipate and guard against want of due care on the part of the defendant, still it was her duty to use due care to avoid a collision in crossing the intersection, even though defendant may have been proceeding negligently.

Defendant may have been negligent, but wife plaintiff contributed to the accident by her own negligence.

Judgment is affirmed.