## Gogel *v.* Bayer, Appellant.

Argued September 30, 1949. Before Rhodes, P. J., Hirt, Dithrich, Ross, Arnold and Fine, JJ. (Reno, J., absent).

*Albert C. Gekoski,* for appellant.

*Alfred P. Filippone,* with him *Robert C. Duffy,* for appellee.

492

OPINION BY RHODES, P. J., November 15, 1949:

This is an appeal by defendant from the judgment entered on a verdict in an action in trespass. The only question presented is whether plaintiff was guilty of contributory negligence as a matter of law. The court below refused, on defendant's motion, to enter judgment n. o. v.

The action arose out of an accident which occurred about 7:40 p.m. on April 12, 1947, at the intersection of Twenty-second Street and Oregon Avenue in the City of Philadelphia, and in which the automobile of plaintiff and the automobile of defendant were involved.

The oral testimony as to the occurrence was conflicting. We must view the evidence as a whole in the light most favorable to plaintiff, resolving all conflicts in the testimony in his favor and giving him the benefit of every inference of fact reasonably deducible from the evidence. *Noyes v. Sternfeld,* 164 Pa. Superior Ct. 461, 463, 65 A. 2d 433.

The scene of the accident was the "T" intersection formed by the junction of Oregon Avenue, running east and west, with Twenty-second Street, running north and south. Twenty-second Street enters Oregon Avenue at the north curb line but does not extend through the opposite or south side. Oregon Avenue is a through highway at this point, and there is a stop sign for the Twenty-second Street traffic located on the northwest corner approximately ten feet north of the curb line of Oregon Avenue. Eastwardly from this point the view is unobstructed for a distance of several blocks. In this vicinity Oregon Avenue consists of two paved strips separated by a central grass plot; and it has an over-all width from curb to curb of approximately sixty feet. The accident occurred after dark but the weather was clear. Plaintiff testified that he was driving his automobile south on Twenty-second Street and came to a full stop at the sign before entering the intersection. He looked eastwardly along Oregon Avenue and saw the lights of defendant's

automobile two blocks away at Twentieth Street. He looked westwardly to his right and saw nothing coming; then looking eastwardly a second time he proceeded in low gear into the intersection at about five miles per hour; and defendant was at least a city block away at Twenty-first Street. When he had reached a point about the length of his automobile from the center of Oregon Avenue, plaintiff saw defendant's automobile about forty feet away and traveling at a speed estimated by plaintiff at one time to be 45 miles per hour, and at another over 50 miles per hour. Plaintiff was unsuccessful in attempting to avoid defendant by accelerating the speed of his automobile. Defendant's automobile struck plaintiff's automobile at the left door and left rear fender, and pushed it completely across the remaining portion of Oregon Avenue so that it came to rest at the curb with its front pointing in an easterly direction. The court below, in commenting on this fact, said: "The facts that there was sufficient space on the highway for defendant's car to have passed the rear of plaintiff's automobile without colliding with it, if defendant had been driving on the north or right side of the portion of the street used by traffic proceeding west, and that plaintiff's automobile was struck on the left side near the rear, indicate that the jury was justified in determining there was no fault in plaintiff's judgment."

Plaintiff fully complied with his duty to come to a stop at the sign and to make proper observations for approaching traffic before entering the intersection. Plaintiff first observed defendant's automobile when it was two blocks away, and it cannot be said that he was contributorily negligent unless his decision that he could safely start across the intersection when defendant's automobile was at least one block distant was unreasonable under the circumstances.

Contributory negligence will be declared as a matter of law only when it is so clearly revealed that fair and

reasonable persons could not disagree as to its existence: *Steffenson v. Lehigh Valley Transit Co.*, 361 Pa. 317, 322, 64 A. 2d 785. The question of contributory negligence on the part of plaintiff was for the jury.

Defendant, in his brief, cites and relies upon *National Chair Co., Inc., v. Barrall*, 342 Pa. 389, 21 A. 2d 36, and *Goddard v. Armour & Co.*, 136 Pa. Superior Ct. 158, 7 A. 2d 79, as applicable and controlling. In *National Chair Co., Inc., v. Barrall*, supra, plaintiff's driver was operating a tractor-trailer which he brought to a stop at the sign before entering a through traffic intersection. He started forward again after observing defendant's vehicle approaching at a distance of 300 feet, and a collision occurred. In view of the length and cumbersome character of the tractor-trailer, the driver had no reasonable expectation of being able to clear the intersection safely in advance of the other vehicle. Plaintiff's driver was held negligent as a matter of law. In *Goddard v. Armour & Co.*, supra, this Court held the plaintiff guilty of contributory negligence as a matter of law under all the evidence where, after stopping for the sign, plaintiff moved slowly forward into the intersection, and upon entering proceeded to attempt to make a left turn although he saw defendant's truck approaching from his left at a distance of from 150 to 200 feet. We said, however, pages 164, 165 of 136 Pa. Superior Ct., page 82 of 7 A. 2d: ". . . there may be cases, such as Steckler v. Luty et al., supra [316 Pa. 440, 175 A. 481], in which the question, whether a driver entering upon a through highway was justified in believing he could pass in front of an approaching vehicle without danger of a collision, should be submitted to a jury under proper instructions, . . ." In the *Steckler* case the distance intervening between the vehicles at the time when the defendant, who had stopped at the through traffic sign, moved forward into the intersection, was estimated at between 500 and 600 feet. The Supreme Court reversed the judg-

ment for plaintiff on the verdict, remanded the case for a new trial because of an error in the charge, and said, in an opinion by Mr. Justice DREW, page 443 of 316 Pa., page 482 of 175 A.: "There was sufficient evidence in the present case to enable the jury to find that appellant came to a full stop within a reasonable distance from the intersection, that he was justified in believing he could cross ahead of the Steckler car without danger of a collision, and that he was exercising reasonable care and prudence when he attempted to do so."

In the present case there was a substantial distance between the vehicles when plaintiff first observed defendant's approach and when he started forward into the intersection. Whether or not plaintiff was sufficiently vigilant was for the jury to resolve. See *Pello v. Pasco,* 361 Pa. 429, 434, 65 A. 2d 368.

The judgment is affirmed.