## Evans *v.* Alexander, Appellant.

482

Argued November 14, 1950. Before HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*Leonard L. Ewing,* with him *Reed, Ewing & Ray,* for appellant.

*W. N. Dinsmore,* for appellees.

OPINION BY ARNOLD, J., March 12, 1951:

Plaintiffs recovered judgment for damages resulting from a collision with defendant's tractor-trailer which crashed into the rear of their automobile. Defendant appealed from the refusal of his motion for judgment non obstante veredicto, and raises the sole contention that the plaintiff-driver was guilty of contributory negligence as a matter of law.

The jury's verdict established: State Street in the Borough of Baden is approximately forty feet wide, with two lanes of traffic northerly and two lanes southerly. Plaintiffs were travelling in a northerly direction on a clear, dry day. They occupied the lane nearest the center line, intending to enter a service station to the left. There were no vehicles parked in the street near the point of accident; nor was there any traffic except the two vehicles involved. Plaintiffs had been travelling on the inner lane for four or five hundred feet, and observed the defendant's tractor-trailer for some five to six hundred feet behind them. Plaintiff-driver, in a closed car, raised his right hand as a signal, and kept it in that position until some forty feet from the filling station, and then lowered it to make the turn. About fifty feet from the point where he started to turn he applied the brakes, which lit the red lights on the rear of his car. In addition he had gradually reduced his speed until he was travelling at eight to ten miles per hour at the point of his turning. Defendant's tractor-trailer skidded some 165 feet before striking plaintiffs' automobile.

The Vehicle Code of 1929, as amended, 75 PS §571, provides that before turning the driver shall first see that such movement can be made safely, and when the operation of a vehicle following may be affected, shall give a signal plainly visible to the driver of the other vehicle. This signal may be given by the hand and arm, but ". . . if he is driving a closed vehicle, by his hand and arm in such a way as to be visible through the window in the rear . . ." There was ample evidence that the plaintiff-driver acted in accordance with this provision. There was the substantial distance of 500 feet between the vehicles when plaintiffs first observed defendant's vehicle. Whether plaintiff's signal was sufficient was for the jury to decide. Not only was the hand

signal given and the rear red lights on, but the plaintiff-driver had been travelling in the left lane for some five hundred feet, was gradually reducing his speed until it got down to about ten miles per hour, and was giving the attendant signals. He was not bound to conclude that the defendant would elect to continue on his own left hand lane, and not move over to his right hand lane, which was entirely free and clear. Cf. *Gogel v. Bayer*, 165 Pa. Superior Ct. 491, 69 A. 2d 161. It was the duty of the defendant "to proceed cautiously with his car under control and to avoid passing . . .": *Miller v. Southern Asphalt Company et al.*, 314 Pa. 289, 171 A. 472. See also *MacNeill v. Makos*, 366 Pa. 465, 77 A. 2d 378. The defendant had no occasion to proceed in his left hand lane when the right hand lane was entirely free, and he was not attempting to pass the plaintiffs on their left.

The facts determined by the verdict show that the plaintiff-driver had his car in a place which he had a right to occupy; and that he drove it in accordance with the traffic laws. Contributory negligence cannot be declared as a matter of law unless the evidence was such that fair and reasonable persons could not disagree as to it: *Gogel v. Bayer*, supra.

Judgment affirmed.