Kunkle *v.* Continental Transportation Lines, Inc., Appellant.

Argued October 2, 1952.  Before STERN, STEARNE, JONES, BELL and MUSMANNO, JJ.

134

*Joseph F. Weis, Jr.,* with him *Joseph F. Weis* and *Sherriff, Lindsay, Weis & McGinnis,* for appellant.

*Robert B. Ivory,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, December 6, 1952:

On October 31, 1947, the plaintiff in this case, Harry R. Kunkle, left New York with a trailer truck destined for Cleveland. Rolling over the highway on this journey he attempted at a point near Progress, Pennsylvania, to pass around an automobile which had suddenly slowed down as if to make a turn. While performing this maneuver the trailer tilted to the left causing the driver to lose control over the steering, with the result that the huge vehicle ploughed across the highway and crashed into the inevitable telegraph pole along the road. Kunkle was considerably injured and his vehicle considerably damaged.

The ensuing lawsuit propounded one important question of fact. Did the trailer lose balance because its cargo had been improperly loaded or because the driver failed to exercise the skill and care required to successfully accomplish the maneuver already described?

Aboard the truck was a lithographing machine weighing some 16,000 pounds. It had been loaded on the extreme left of the trailer. and rested on its 6″ side with its 5′ 5″ width extending almost to the top of the trailer. The rest of the cargo was made up of bulky, light material weighing about 7500 pounds.

The loading had been done under the supervision of one Dupres employed by the defendant Continental Transportation Lines, Inc., for which firm the plaintiff was transporting the load in question. The defendant company averred that if the lithographing machine was improperly loaded, the plaintiff was as much at fault in this respect as the defendant because he, the plaintiff, was present at the time of the loading process. The plaintiff explained in meeting this charge that although he was present, sitting in the cab of the vehicle at the time, he purposely refrained from taking any part in the loading operation because the loaders were union men and resented any interference on the part of an owner-driver.

The defendant company maintained further that the plaintiff had the right of inspection and it was his duty to ascertain if the cargo had been properly stored before starting on his journey, especially in view of the fact that the plaintiff admitted that the trailer listed somewhat before leaving New York.

The case was twice tried and both juries returned verdicts for the plaintiff. The second trial was ordered because of an excessive verdict.

The issues in this litigation were exclusively factual and they were properly submitted to the jury. The jury found (and, of course, here we speak only of the second trial which is the one before us,) that it was the negligence in loading and not the manner of driving which caused the accident; it found further that the driver was not guilty of contributory negligence in failing to inspect the loading operation.

It is undisputed that Dupres was an employe of the defendant company and that he was ordered to the loading operation by the Assistant Terminal Manager of the defendant company. It was not incumbent upon the plaintiff, as defendant's counsel urge in their

brief, to prove agency on the part of Dupres beyond the facts presented that Dupres was acting for the defendant company. The Trial Judge specifically covered this matter in his charge when he said: "In order to recover he must meet the burden of proving to you that the man—I think his name was Dupres—who was sent along with the plaintiff when the truck was to be loaded, that he was supervising the loading of that truck. If you don't find that as a fact, even though you find there was negligence in the loading of the truck by the riggers, unless you find it was done under the supervision of the defendant there would be no responsibility, and your verdict wil have to be for the defendant."

The defendant cannot escape responsibility for the improper loading of the lithograph machine on the ground that the riggers who loaded it were employed by independent contractors. Those riggers did not know, nor could they be expected to know, after loading the lithograph machine what the remainder of the load would consist of. For all that came to their attention they could have believed that an equally heavy item would be placed on the right side of the trailer. The defendant's employe, however, was aware, or should have been aware, of the remaining items to be loaded, and it was his responsibility to see that no dangerous condition would be created by what was going aboard finally.

Those final items were actually lifted into the trailer by employes of the defendant and they should have realized that a proper loading of comparatively light objects would necessitate a redistribution of the cargo in order to effect the proper balance. When they sealed the door of the trailer with 16,000 pounds of a total load of 23,500 pounds concentrated on the left side of the trailer, they were subjecting the plaintiff, who was

within the foreseeable orbit of risk of harm, to great danger.

The defendant relies on the case of *Dorris v. Bridgman & Co.*, 296 Pa. 198, 145 A. 827, to sustain its position that the plaintiff was guilty of contributory negligence. The issue there decided, however, was the liability of the user of an improperly loaded vehicle to third parties on the highway, and the Court's decision was based on the reasoning that: "This increased traffic,—the hauling of heavy freight or large bundles,—comes from the improved facility of motor transportation; much of this new traffic has been diverted from the railroads, and it is seemingly the demand of industry and business not only that the highways must freely receive and bear this additional burden, but that the rights of the public, as pedestrians, to safe travel should be correspondingly lessened to insure expeditious movement. . . . There is no question but that stricter rules to insure the safety of pedestrians should be adopted and enforced, because of this new and dangerous traffic . . ." We cannot agree, therefore, that the Dorris decision also stands for the proposition that the driver of a trailer which, unknown to him, is improperly loaded is, as a matter of law, barred from recovering from the one responsible for the improper loading. The public policy underlying the Dorris decision has no pertinency in the instant case. Whether the plaintiff was negligent in not supervising the loading of his trailer, and whether he was negligent in accepting the word of the defendant's dispatcher that the load was all right when he saw that the trailer listed to the left two inches, were questions of fact for the jury to resolve. We do not find that the evidence so clearly and unmistakably showed plaintiff guilty of contributory negligence, that it could be declared as a matter of law. It is only where reasonably minded

men could not honestly deduce any other inference that the question of contributory negligence will be taken away from a jury: *Silfies v. American Stores Co.,* 357 Pa. 176, 53 A. 2d 610; *Bauer v. Sacks,* 355 Pa. 488, 50 A. 2d 351.

Judgment affirmed.