Halbach, Appellant, *v.* Robinson Brothers.

Argued March 10, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

*Paul N. Yost,* with him *Budding & Yost,* for appellant.

*William W. Hafer,* with him *Fisher, Ports & May,* for appellees.

OPINION BY ROSS, J., July 14, 1953:

This is an action of trespass for damages for personal injuries and property damage sustained by plaintiff as the result of a collision between her automobile and a tractor-trailer owned by defendant Robinson Brothers and operated by its employe, defendant Walton Caleb Williams.

At the close of plaintiff's testimony defendants made the usual motion for a compulsory nonsuit, which motion was denied. The jury returned a verdict in favor of the plaintiff, the court below entered judgment n.o.v. for defendants, and plaintiff has appealed to this Court.

The court below in granting judgment n.o.v. declared plaintiff contributorily negligent as a matter of law, and this is the sole question involved on appeal.

At about 8:25 on the morning of March 27, 1950 plaintiff, a home economics instructor, was driving to the Lower Chanceford Township School in York County where she conducted classes. The weather was "very, very foggy", the road wet and slippery, and there was mist in the air so that it was necessary for her to have the windshield wipers on her car running and her headlights burning. Visibility was limited to an estimated distance of 200 or 250 feet or "about a half block". Plaintiff drove in the right-hand lane of Route 74, a two-lane concrete highway, until she reached a point opposite the driveway entrance to the school on her left. She testified that she had been driving 25 miles per hour and that as she reached the vicinity of the school she did not come to a complete stop but slowed down preparatory to making a left-hand turn into the school grounds. She flashed the indicator to signify a left turn, looked, saw nothing approaching from the opposite direction, looked again

and proceeded to drive across the left lane. Just as her front wheels cleared the highway her car was struck on its right side by the tractor-trailer, which she had not seen until an instant before. After the impact the truck continued down the road, pushing her car ahead of it, for a distance of 72 feet.

The negligence of defendant Williams is conceded. He testified that he was familiar with the road, that he traveled it three or four times a week, was aware that there was a high school at the location in question, and admitted that he nevertheless was driving "between 30 to 35" miles per hour. His version of the accident conflicted with that of the plaintiff in several particulars—as, for example, on whether the left-hand turn indicator was flashing on plaintiff's car, the estimated range of visibility, and the distance which his truck pushed her car after the collision. These matters of conflict were, of course, questions of fact to be determined by the jury. *McCarthy v. Pittsburgh,* 127 Pa. Superior Ct. 399, 193 A. 358.

Defendants concede, properly, that the burden of proving contributory negligence, an affirmative defense, was upon them, but stress the fact that it is the duty of one about to make a left-hand turn to wait until it is possible for him to see that he may do so in safety (*Fisher v. Duquesne Brewing Co.,* 123 Pa. Superior Ct. 208, 187 A. 90), and that the duty to use due care so as to prevent a collision exists although an approaching vehicle is being operated negligently. *Samuelson v. McClelland,* 127 Pa. Superior Ct. 209, 193 A. 385. It is, of course, true that a driver, even though he has the right of way, may not rely blindly upon it where he sees that the driver of a vehicle approaching from the opposite direction will not comply with his duty to stop and that a collision will most certainly ensue unless he himself yields his right of way. A fortiori,

where one makes a left-hand turn and *sees* another vehicle in its own rightful path which gives no indication of allowing him to cross safely ahead of it, he must wait until that vehicle has passed, and not encroach on its path, before proceeding. In short, a driver who takes his chances on crossing a lane of traffic ahead of *visible* approaching vehicles lawfully therein, is guilty of contributory negligence if he fails to execute the crossing in safety. That, however, is not this case. Plaintiff's version, accepted by the jury, was that the truck was not within her limited range of visibility when she started to cross the highway. Being unaware of its approach, she was not testing an obvious danger by attempting to clear the lane before it reached her. If plaintiff was to cross at all, she had to do so by ascertaining that no approaching traffic was in view before proceeding. The jury found that she complied with this duty.

The Vehicle Code provides a maximum speed limit of 15 miles per hour for vehicles traveling through a school zone during recess or opening or closing school hours. 75 PS §501 (b) (2). The accident occurred just a few minutes before opening time, and plaintiff had a right to assume that the driver of a vehicle, outside her range of vision, who might possibly be coming from the opposite direction, would obey his legal duty and observe the restricted speed limit. She had a right within reasonable limits to assume that ordinary care would be used to protect her and her property from injury; she was not required to anticipate and guard against the want of ordinary care on the part of another, or to assume that another would flagrantly violate the statutory speed limit. Cf. *Sommer v. Blacka,* 153 Pa. Superior Ct. 643, 34 A. 2d 830; *Levenson v. Lustman,* 365 Pa. 244, 246, 74 A. 2d 134; *Balzer v. Reith,* 161 Pa. Superior Ct. 187, 54 A. 2d 64.

Under the circumstances here presented we do not agree with defendants' contention that plaintiff will not be heard to say that she did not see what she obviously must have seen had she looked.

We find that the evidence does not so clearly and unmistakably point to contributory negligence on the part of plaintiff that it can be declared as a matter of law. It is only where reasonably minded men could not honestly deduce any other inference that the question of contributory negligence will be taken away from the jury. *Kunkle v. Continental Transp. Lines, Inc.,* 372 Pa. 133, 92 A. 2d 690; *Evans v. Alexander,* 168 Pa. Superior Ct. 481, 78 A. 2d 879; *Schlott v. Stefanosicz,* 167 Pa. Superior Ct. 164, 74 A. 2d 492; *Gogel v. Bayer,* 165 Pa. Superior Ct. 491, 69 A. 2d 161. It was within the province of the jury to decide whether the tractor-trailer was in view when plaintiff started to cross the highway and whether it was safe for her to proceed. Cf. *Martin v. Statler,* 370 Pa. 293, 298, 88 A. 2d 46. The jury's verdict is a finding that plaintiff was free from contributory negligence, and on the record before us we cannot say *as a matter of law* that the finding should be otherwise. *Wilkerson v. Phila. Transp. Co.,* 167 Pa. Superior Ct. 616, 76 A. 2d 430; *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45.

The judgment n.o.v. is reversed, the verdict for the plaintiff is reinstated and judgment thereon entered.