## Caleodis, Appellant, *v.* Monessen.

Argued March 22, 1954. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

512

 

*Myron W. Lamproplos,* with him *H. Russell Stahlman* and *Cassidy & Lamproplos,* for appellant.

*Joseph M. Loughran,* with him *David A. Weiss,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 25, 1954:
Michael Caleodis, 66 years of age, had for his home a room in the cellar of Tony Dinio's house, the rear of which abutted on an ill-tended alley 10 feet wide and a block long. Among the many imperfections in this cinder and red-dog passageway, there lurked a depression or hole described as being 3 feet long, 2 feet wide and 2 feet deep. On the night of April 23, 1949, Caleodis emerged from his basement abode with his friend Bill Pappas, a man afflicted with failing eyesight which rendered him blind at night. The pair were bound for Easter services at the St. Spyridon Greek Orthodox Church in Monessen.

Knowing of the deep crater on the left side of this unpaved and unlighted lane, Caleodis kept to the middle of the road, his blind companion clinging to his right arm. As he moved forward cautiously; he saw an automobile some 75 feet away coming toward him and his friend. Since the operator of the vehicle seemed oblivious to the plight of the pedestrians, Caleodis was compelled to choose between the right and left sides of the road, each one of which presented its own peril. He

feared the left side because of the deep hole, the existence of which he was aware, although he could not see it. He equally feared the right side because in the brief time still available to him to escape the car's wheels, he saw that it would be necessary to give the helpless blind man such a sudden shove as quite probably would trip them both. In the emergency of the dilemma thrust upon him, he decided to move, with rapid side steps, toward the left of the road, seeking with his feet to locate the lip of the crater so as to avoid falling into it.

The fright of being crushed under the wheels of the car, the darkness of the roadway, and the roughness of the ground beneath his feet all conspired to precipitate Caleodis into the pit he had hoped to escape, and he sustained serious injuries.

In his suit against the City of Monessen he received a verdict of $4,500, but the court below entering judgment n.o.v., he appealed to this Court.

In arguing for retention of the judgment n.o.v. the City appellee urges contributory negligence on the part of the plaintiff and absence of negligence on the part of the City of Monessen. The facts do not construct so overwhelming a case for the plaintiff that the defendant is interdicted from presenting a persuasive and appealing argument. The fact that the plaintiff knew of the existence of the depression could well bring to the appellee some authorities which seemingly bear out its accusation of contributory negligence. However, no type of argumentation can fill or level off the crater in the alley which existed for at least a year, thus visiting constructive notice and imputable negligence upon the City. (*Aloia v. City of Washington,* 361 Pa. 620; *Upperman v. Ford City Borough,* 289 Pa. 197.)

Whether the plaintiff was guilty of contributory negligence was a question strictly for the jury. The lower court stated in its opinion that "there was no

hole on the right hand side of the alley." The plaintiff testified that the right side of the alley, in point of defects, was not outdone by the left: "Q. Mike, when you got to the alley, . . . why didn't you walk up the right hand side of the alley? A. I tell you no was good to the right side. Q. No good walking? A. Both sides were bad. Q. You mean that there—both sides of the alley was bad? A. Bad to walk. . . . Q. Why didn't you step to the right? A. Because if I step to the right, I was going to put in bad spot the other guy. Q. Going to put the other guy in a bad spot, who, the blind man? A. Yeah."

Contributory negligence may be declared a conclusion of law only in the most unequivocal cases. (*Chidester v. Pittsburgh*, 354 Pa. 417.) This is not such a case.

Counsel for the appellee argues that the plaintiff could have avoided the danger in the alley if he had started out that night from the front entrance instead of from the rear. However, there were no interior stairs from the cellar to the first floor. Thus in order to reach his destination via Schoonmaker Avenue (on which Dinio's house fronted) Caleodis would have had to climb a slippery hill and work his way around a large pile of coal, an obstacle which, in the dark, presented a threat of its own. Another route was available to him over an adjacent vacant lot, but this lot was covered with mud and sticks. The appellate courts have frequently held that where a pedestrian is confronted with alternate routes, none of which is absolutely safe, he cannot be charged, as a matter of law, with contributory negligence because the route he finally selected had in itself some elements of danger.

Judgment reversed with instructions that the verdict of the jury be reinstated.