**Thomas F. SWEENEY**

v.

**UNITED STATES of America.**

**Civ. 14234.**

United States District Court
W. D. Pennsylvania.

March 6, 1958.

P. J. McArdle, Pittsburgh, Pa., for plaintiff.

Samuel S. Blaufeld, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

After non-jury trial, the court makes the following

Findings of Fact.

1. Plaintiff, Thomas F. Sweeney, is a citizen of the Commonwealth of Pennsylvania and a resident of the City of Pittsburgh. The defendant is the United States of America.

2. This action arises out of a 2-car collision at the intersection of Saw Mill Run Boulevard and Bausman Street in the City of Pittsburgh, Pennsylvania.

3. On February 1, 1954, at about 6:30 p. m., the plaintiff was operating his 1949

Plymouth sedan automobile in a southerly direction on Saw Mill Run Boulevard at its intersection with Bausman Street.

4. At the same time and place, one Joseph C. Walker, a member of the United States Air Force, acting within the scope of his employment and within the line of his duty, was operating defendant's 1951 Chevrolet sedan automobile in a northerly direction on said Boulevard.

5. Both Bausman Street, running east and west, and Saw Mill Run Boulevard, running north and south, are public thoroughfares in the City of Pittsburgh, Pennsylvania. Bausman Street intersects the Boulevard on the east, forming a "T" intersection. The Boulevard at this point is a heavily travelled 4-lane highway, 56 feet in width. Bausman Street there is approximately 136 feet in width with two concrete islands constructed therein forming lanes for the various traffic patterns, including traffic from the Boulevard turning east onto Bausman. The intersection is controlled by traffic lights which were in operation at the time here pertinent.

6. Although the accident here in question occurred after nightfall, three street lamps, as well as electric lights from adjacent business buildings illuminated the intersection. The headlights on both the vehicles involved were burning. There had been some rain and snow earlier in the day, but there was no precipitation at the time of the accident to affect visibility. The road surface was dry, but there were ashes in the intersection which apparently had been scattered there because of the previous snowfall.

7. The accident occurred in the following manner: The plaintiff's automobile and an automobile immediately preceding it had stopped on the inside, southbound lane of Saw Mill Run Boulevard for a red traffic light. As the light turned green, the defendant's vehicle approached the intersection in the outside, northbound lane of the Boulevard at a speed of approximately 35–40 miles per hour. Walker, the defendant's driver, observed an electric turn signal [1] indicating that a motor vehicle was about to make a left-hand turn from the Boulevard into Bausman Street, but Walker did not begin to slacken his speed until he was between 75 and 90 feet distant from plaintiff's vehicle, which at that time had already started to cross the Boulevard into Bausman Street. Walker then applied his brakes and turned to the left but was unable to avoid colliding with the right rear portion of plaintiff's car. The collision occurred when the front of plaintiff's car had passed the westerly curb line of the islands at the entrance to Bausman Street.

8. Before plaintiff executed the left turn, he signaled his intention by extending his left arm from the window. Walker did not observe plaintiff's extended arm. From plaintiff's position on the Boulevard, being the second stopped car north of the intersection, he had to traverse approximately 60 feet from his stopped position in order to clear the northbound lanes of the Boulevard ahead of defendant's oncoming car. When plaintiff started his car in order to execute the left turn in front of defendant's car, the latter had not slowed down nor had its driver otherwise indicated he would permit plaintiff to pass in front of him.

9. The plaintiff was negligent in proceeding to execute a left turn into Bausman Street from where he was stopped on the Boulevard in the face of defendant's oncoming car which was not more than 150 feet distant, and travelling at a speed of 35–40 miles per hour, when the plaintiff began the operation.

10. The defendant's driver was negligent in failing to slacken his speed at the time he first became aware that some vehicle was about to make a left-hand turn in front of the vehicle operated by him, and afterwards in failing to yield the right of way to plaintiff's vehicle, and to so control his car in order to avoid

1. Plaintiff's automobile was not equipped with an electric turn signal.

colliding with the right rear portion of plaintiff's car.

## Discussion.

Plaintiff contends that under the Pennsylvania Motor Vehicle Code, 1929, May 1, P.L. 905, art. X, § 1013; 1931, June 22, P.L. 751, § 2; 1937, June 29, P.L. 2329, § 3, 75 Purdon's Pa.Stat. Ann. § 572(b), he had the right of way since he had made an arm signal showing his intention to turn left across the defendant's line of travel. Although Walker, the defendant's driver, did not see that signal, he believed, from some other signal, that the plaintiff intended to execute a left turn. But, even though plaintiff believed he had the right of way, he "may not rely blindly upon it where he sees that the driver of a vehicle approaching from the opposite direction will not comply with his duty to stop and that a collision will most certainly ensue unless he himself yields his right of way." Halbach v. Robinson Bros., 173 Pa.Super. 622, 98 A.2d 750, 751. When plaintiff started from a stop in his 1949 Plymouth in order to make a left-hand turn and saw the defendant's vehicle, travelling at 35–40 miles per hour, in its own rightful path, which gave no indication of slackening speed to allow plaintiff to pass in front of it; he should have waited until defendant's vehicle had passed before proceeding and not encroached upon its path. We think his failure to do so was a negligent contributing cause of the accident. It certainly was contributory negligence, for as stated in the Halbach case, supra, 98 A.2d at page 751:

"In short, a driver who takes his chances on crossing a lane of traffic ahead of *visible* approaching vehicles lawfully therein, is guilty of contributory negligence if he fails to execute the crossing in safety."

See also, Samuelson v. McClelland, 127 Pa.Super. 209, 193 A. 385.

Walker should have slowed down promptly after having observed that some vehicle intended to make a left turn. His failure to yield the right of way and to so control his car to avoid the collision was a negligent contributing legal cause of the accident.

## Conclusions of Law.

1. This court has jurisdiction of this controversy by virtue of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2674.

2. Plaintiff was negligent; his negligence was a proximate cause of the accident, and he is thereby precluded from recovery on his claim against the defendant.

3. The defendant's driver was negligent; his negligence was a proximate cause of the accident, and defendant is thereby precluded from recovery on its counterclaim against the plaintiff.

An appropriate order will be entered.