Paul W. THORTON, Appellant,

v.

William ARONOFF.

No. 13126.

United States Court of Appeals Third Circuit.

Argued April 8, 1960.

Decided May 16, 1960.

Dennis C. Harrington, Pittsburgh, Pa. (James P. McArdle, Gene K. Lynch, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellant.

Arthur G. Stein, Pittsburgh, Pa. (Stein & Winters, Pittsburgh, Pa., on the brief), for appellee.

4. See Irvin v. Dowd, 1959, 350 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900.

**40**

Before McLAUGHLIN, STALEY and FORMAN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

We have jurisdiction in this personal injury action by virtue of diversity of citizenship.

Plaintiff, Thorton, was traveling south on a four lane highway at 1:00 A.M. of a clear dry night. Upon reaching an intersection, at which there was a flashing amber traffic signal, he stopped for a second and then proceeded to make a left turn across the northbound lanes into a side street. Plaintiff had previously observed defendant's car approaching in the northbound lane on the curb side of the highway and upon commencing his turn he knew defendant's car to be about one hundred feet from the intersection. Plaintiff was unable to testify to defendant's rate of speed. Thorton testified that his car was about ten feet into the side street, leaving about four feet still in the highway when defendant's car smashed into his right, rear door.

Upon completion of plaintiff's case on the issue of liability the district court granted defendant's motion to dismiss on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

■■ The Pennsylvania rule relating to declaring contributory negligence as a conclusion of law is firmly established by a wealth of decisions. "It is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals would not disagree as to its existence that it may be declared judicially." Malitovsky v. Harshaw Chemical Co., 1948, 360 Pa. 279, 283, 61 A.2d 846, 848. And see 29 Vale Pa.Dig. 472–73. "Contributory negligence may be declared a conclusion of law only in the most unequivocal cases." Caleodis v. City of Monessen, 1954, 377 Pa. 511, 514, 105 A.2d 150, 152. "It is only in clear cases where the facts are undisputed and but one inference can be drawn from them that courts can declare as a matter of law a party guilty of contributory negligence * * *." Usher v. Pittsburgh & L. Erie R. R. Co., 1940, 340 Pa. 234, 240, 16 A.2d 387, 390, citing Witmer v. Bessemer & L. Erie R. R. Co., 1913, 241 Pa. 112, 114–15, 88 A. 314. This is a severely limited exception to the general rule that the question of contributory negligence is for the jury and we are of the opinion that the case before us fails to qualify under it.

Viewing the facts in the light most favorable to the plaintiff this is not such an unequivocal situation that the sole and undisputed inference is contributory negligence.

The Pennsylvania Motor Vehicle Code gives the right of way to an automobile making a left turn across the oncoming lane of traffic provided the driver gives a plainly visible signal. 75 P.S. § 572 (b). However, before turning the driver must first ascertain that the movement can be made in safety. 75 P.S. § 571(a). This immediately gives rise to a question of fact. Defendant relies upon Kerr v. Augustine Construction Co., Inc., 1946, 158 Pa.Super. 576, 45 A.2d 913, 914, wherein the court stated: "A plaintiff who turns his motor vehicle across the path of oncoming traffic is guilty of contributory negligence, unless the accident would not have occurred had not the defendant increased his speed after the plaintiff committed himself to the crossing." To attempt to interpret the above language as meaning that a left turn is negligence per se except where the oncoming driver wilfully increases his speed is plainly contrary to the weight of authority in Pennsylvania.

In Hummel v. Quaker City Cabs, Inc., 1936, 120 Pa.Super. 527, 182 A. 658, 659, the plaintiff made a left-hand turn when he estimated defendant's vehicle to be about ninety-five feet away and traveling at a speed of twenty to twenty-five miles per hour. The court held: "If the distance of 95 feet was correct, it is quite likely that Hummel was mistaken as to the rate of speed of defendant's taxicab * * *. If his judgment as to the speed was correct, he undoubtedly had sufficient time to cross over; but clearly the

speed was not so apparent especially when we consider that defendant's cab was being driven against traffic, as to charge Hummel with negligence as a matter of law. Under these circumstances, Hummel had the right to assume, when he reached the intersection so far in advance, that defendant's car would yield the crossing to him."

In Halbach v. Robinson Bros., 1953, 173 Pa.Super. 622, 626, 98 A.2d 750, 751, the court stated that " * * * where one makes a left-hand turn and *sees* another vehicle in its own rightful path which gives no indication of allowing him to cross safely ahead of it, he must wait until that vehicle has passed * * * ." Whether the plaintiff here knew that defendant would not yield the right of way is a question of fact that has not yet been determined. See also, Sweeney v. United States, D.C.W.D.Pa.1958, 159 F. Supp. 941, and Kudirka v. Fairman, D.C. M.D.Pa.1957, 152 F.Supp. 120, where contributory negligence in circumstances similar to those before us was considered as a question of fact. In Dubrock v. Interstate Motor Freight System, 3 Cir., 1944, 143 F.2d 304, 305, we held, "It is a jury question whether it is negligence to attempt a left turn at twenty miles per hour in the face of oncoming traffic over 100 feet distant travelling at 40 miles per hour."

It should also be noted that there is evidence which as it now stands, might possibly raise the question whether plaintiff's negligence, if any, proximately contributed to the accident. Plaintiff's car was ten feet into the side street leaving about four feet still projecting into the northbound lane, which lane is about twenty feet wide. Defendant's machine struck that of the plaintiff slightly to the rear of the center post. Apparently the defendant made no attempt to go around the other vehicle. Even assuming plaintiff was negligent in attempting his turn, it nonetheless could be found that, having virtually passed the area of danger, his original negligent act was not a related or proximate cause contributing to the accident. See Philadelphia & Reading Co. v. Klutt, 3 Cir., 1906, 148 F. 818, certiorari denied 1907, 204 U.S. 672, 27 S.Ct. 787, 51 L.Ed. 673.

In view of the foregoing, the district court erred in granting defendant's motion. The cause will be reversed and remanded for a new trial on the merits.