Pascucci *v.* Derenick, Appellant.

Argued June 14, 1968. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
HANNUM, JJ.

50

*Harry P. O'Neill, Jr.,* for appellant, John Derenick, Jr.

*S. U. Colbassani,* for appellee, John Pascucci.

No argument was made nor brief submitted for appellee, William T. Phillips.

OPINION BY JACOBS, J., September 12, 1968:

The appellant, Derenick, Jr., was the driver of an automobile which was involved in an intersectional collision with an automobile driven by Phillips. The force of that collision pushed Phillips' car into Pascucci's car which was stopped for a red light. No one was injured but several suits for property damage resulted. Pascucci sued Derenick, Jr. who joined Phillips as an additional defendant in that action. Derenick, Sr., who owned the Derenick car, then sued Phillips who in turn sued Derenick, Jr. The three cases were consolidated and tried without a jury under Pa. R. C. P. No. 1048 before the Honorable RICHARD P. CONABOY who found that Derenick, Jr. was solely at fault and awarded verdicts to Phillips and Pascucci in stipulated amounts within our jurisdiction. Exceptions were argued before the court en banc which dismissed them. These appeals followed.

We treat this case as we would an appeal from a judgment entered after a jury verdict. A general finding of liability by a trial judge, when confirmed by

the court en banc, has the force and effect of a jury verdict. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mut. Ins. Co.,* 385 Pa. 394, 123 A. 2d 413 (1956); *Robinson Electrical Co., Inc. v. Capitol Trucking Corp.,* 168 Pa. Superior Ct. 430, 79 A. 2d 123 (1951). The party favored by that finding is entitled to have the evidence viewed in the light most favorable to him since the credibility of the witnesses and the weight to be accorded to their testimony were for the trial judge. *Krobot v. Ganzak,* 194 Pa. Superior Ct. 49, 166 A. 2d 311 (1960); *D'Angelo Estate v. Armor Co.,* 198 Pa. Superior Ct. 283, 182 A. 2d 247 (1962).

Viewed in that manner the evidence shows that Phillips was traveling south, at night, on Keyser Avenue, a two-lane street, in Scranton. Derenick was driving north on the same street. At the intersection of Jackson Street with Keyser Avenue, Pascucci's car was stopped on Jackson Street at the traffic light. He was facing west and waiting for the green signal which was then in favor of the cars on Keyser Avenue. Phillips turned on his left turn signal about 100 feet before he reached the intersection. Just as he entered the intersection he saw Derenick's car about 100 to 150 feet away. Phillips concluded he could make his turn in safety, but before the turn could be completed he was struck in the right rear fender by Derenick. He testified that Derenick was 100 feet away when he made his turn and that the turn was almost completed when he was struck. Immediately after the accident Derenick told Phillips that he thought he, Derenick, was going a little too fast.

The appellant argues that there was no evidence of negligence on the part of Derenick and that Phillips was negligent as a matter of law. The trial judge concluded that either Derenick was traveling at an excess speed or did not have his car under proper control.

The fact finder could base this conclusion on Derenick's own admission that he thought he was going a little too fast and the fact that he was 100 feet away when Phillips turned in front of him. The presence or absence of negligence on the part of Derenick was clearly a matter for the fact finder and since there was evidence to support the finding we will not disturb it. *Yenchko v. Grontkowski*, 385 Pa. 272, 122 A. 2d 705 (1956).

Appellant also claims that the evidence disclosed that Phillips was negligent as a matter of law in crossing in front of appellant. He cites *Halbach v. Robinson Bros.*, 173 Pa. Superior Ct. 622, 98 A. 2d 750 (1953) and Section 1013(b) of The Vehicle Code, Act of April 29, 1959, as amended, 75 P.S. §1013(b), in support of his claim. However, neither supports him. In *Halbach* the lower court granted an n.o.v. on the basis that plaintiff was guilty of contributory negligence as a matter of law and we reversed. Under the circumstances of that case we held that it was for the jury to decide whether the oncoming vehicle was in view and whether it was safe for plaintiff to turn left. In *Rochelle v. Fabii*, 161 Pa. Superior Ct. 431, 55 A. 2d 580 (1947) we held that it was error to rule as a matter of law that plaintiff was negligent in attempting to cross half the width of the highway, or nine feet, in the path of defendant's approaching automobile when it was 150 feet away. Since the appellant was not in the intersection at the time plaintiff turned left in the intersection, Section 1013(b) of The Vehicle Code, supra, does not apply unless the appellant was so close to the intersection "as to constitute an immediate hazard." Whether an approaching automobile 100 feet away from the intersection constituted an immediate hazard was a question for the fact finder as was plaintiff's exercise of care under the circumstances. Only where contributory negligence is so

clearly revealed that fair and reasonable persons cannot disagree as to its existence may it be declared as a matter of law. *Gardner v. Maley*, 207 Pa. Superior Ct. 109, 215 A. 2d 285 (1965). This is not such a case.

Judgments affirmed.