J-S36007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS PAUL DOUGLASS | |
| Appellant | No. 1066 WDA 2014 |

Appeal from the Judgment of Sentence June 5, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017514-2013

BEFORE: PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 17, 2015**

Appellant, Thomas Paul Douglass, appeals from the judgment of sentence entered June 5, 2014, by the Honorable Kelley Eileen Bigley, Court of Common Pleas of Allegheny County. After careful review we affirm.

On November 8, 2013, Officer John Legin of the Liberty Borough Police Department was dispatched to a residence to investigate a 911 call. During the call, the operator could only hear a woman's screaming and an abrupt termination of the call. The 911 operator called the number back and a woman answered the phone, stating that there was no problem there. At this time, Officer Legin was dispatched to investigate the call. Upon arriving at the scene, Officer Legin noted that there were no cars in the driveway.

---

[*] Retired Senior Judge assigned to the Superior Court.

As he walked towards the residence he noticed a car pulling into the driveway. As the car continued down the driveway it struck the garage door before it could come to a complete stop. The driver, later identified as Douglass, stumbled out of the vehicle before approaching Officer Legin. Officer Legin observed, while speaking to Douglass, that Douglass smelled of alcohol, his eyes were bloodshot and glassy, and his speech was slurred while explaining where he was going. Officer Legin detained Douglass before going to investigate the domestic call. Officer Legin approached the residence to speak with Ashley Belbuliti, Douglass's girlfriend. Belbuliti told Officer Legin there was no problem, that she had been home alone, soaking her feet.

Officer Legin's observation, of Douglass's driving and overall physical condition, led to the conclusion that Douglas was under the influence of alcohol and was unable to operate a motor vehicle. Douglass was transported to the hospital where his blood was drawn, the results showing Douglass's BAC was .200%, well above the legal limit.

Prior to trial, Douglass filed a motion to suppress evidence, stating that he never drove the car and that Officer Legin's story was fabricated. Thus, there was, he argued, no probable cause for the arrest. The suppression court denied the the motion to suppress evidence and the case proceeded to a bench trial. The trial court convicted Douglass of driving under the influence (DUI), 75 Pa.C.S.A. § 3802(c), DUI general impairment,

75 Pa.C.S.A. § 3802(a)(1), and careless driving, 75 Pa.C.S.A. § 3714(a). This timely appeal follows the denial of Douglass's post-sentence motions.

After reading Douglass's brief it is evident he is asserting that the testimony of Officer Legin was fictitious. "A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge." **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) (citations omitted). Douglass has not, however, raised a weight of the evidence claim.

In any event, taking the Officer's testimony as true, as we must, we will address the sufficiency of the evidence. Specifically, we consider whether it was physically possible for the events to have taken place as Officer Legin described. Douglass cites to **Crago v. Sickman**, 165 A. 841 (Pa. 1932), for the proposition that "testimony in violation of incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected." **Id**. (citations omitted). Douglass first asserts that it was impossible for him to have been operating the motor vehicle, since no keys were found on his person. The second contention is that the time frame Officer Legin provided cannot be accurate because the story "does not comport with the temporal requirements of human motion." Appellant's brief at 15.

We review a challenge to the sufficiency of the evidence as follows.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial

in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of facts may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted). In addition, "[w]here the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Fisher*, 47 A.3d 155,157 (Pa. Super. 2012) (citation omitted).

Douglass's sufficiency contentions are meritless. First, when Douglass exited his vehicle to approach the officer it is a reasonable inference that, in

his drunken stupor, Douglass left the keys in the ignition. Secondly, Douglass asserts that he could not have left his house and returned within the two minutes it took Officer Legin to respond the call. Stated quite simply, it is not impossible for Douglass to have left his home and returned within that time frame. The argument also makes the assumption that Douglass was at the residence when the call was placed. We find it just as likely that, when the call was placed, Douglass was returning home from a night of drinking and Belbuliti called 911 out of fear for her own safety.

Viewed in the light most favorable to the Commonwealth, we conclude that the evidence at trial was sufficient to sustain Douglass's convictions.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015