## MacNeill *v.* Makos, Appellant.

Argued November 16, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

466

*Robert C. Duffy,* with him *Francis Logan,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler, David Fulmer Keely, S. Walter Foulkrod, Jr.,* and *Charles W. Sweeney,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, January 2, 1951:

An automobile, driven by Soterios Steve Makos, defendant, struck the rear of an automobile in which Agnes E. MacNeill, plaintiff, was riding as a passenger. Plaintiff brought this action in trespass against Makos for the injuries thus incurred. He in turn joined as an additional defendant, James Zavatone, the driver of the car in which plaintiff was riding. The jury returned a verdict in the sum of $8000 in favor of plaintiff and against both defendants. Judgment was entered on the verdict against Makos but Zavatone's motion for judgment n.o.v. was granted. Makos alone now appeals from the entry of judgment in favor of Zavatone.

The accident occurred in the early morning of June 17, 1949, on Walnut Street between 39th Street and 40th Street in the City of Philadelphia. Walnut Street is a wide one-way thoroughfare for westbound traffic only. Plaintiff was being driven home by Zavatone. He, finding no parking places available in front of her home on the south side of Walnut Street, drove as close to the cars parked there as possible and slowed to a stop approximately 160 feet west of 39th Street in order to let plaintiff out. Makos, who had been following Zavatone for several blocks, saw the car stopping but continued on and collided with the Zavatone car causing serious injuries to plaintiff's neck and back.

On those facts the negligence of Makos is clear and was in fact conceded at the outset of the case. But it is his contention that Zavatone was also negligent in

that he failed to give any signal of his intention to stop and that the entry of judgment in favor of Zavatone was, therefore, error.

The Vehicle Code of 1929[1] provides that a motorist shall signal when he intends to stop. The obvious purpose of that section is to give adequate warning to other motorists so that they can take appropriate action to avoid a collision. If a person in stopping his car fails to give such a signal and that failure is the cause of an accident the person so stopping is liable: *Mansur v. Josephson,* 333 Pa. 467, 5 A. 2d 102. Here, however, Makos had been following Zavatone for some distance. He admitted that he saw Zavatone slowing to a stop but made no effort to diminish his own speed. Thus, by his own admissions Makos had adequate warning of Zavatone's intentions and the latter's failure to give a signal did not under these circumstances cause the accident.

On the contrary the record shows that Makos was following Zavatone at a distance of only ten feet and could not turn or stop quickly enough to avoid the collision. He chose to follow close behind Zavatone rather than use another lane of traffic. In so doing he did not exercise reasonable vigilance and have his car under sufficient control to enable him to prevent the accident when he had ample notice of Zavatone's intention to stop. This was a clear violation of the duty which the law imposes on him: *Cirquitella v. Callaghan, Inc.,* 331 Pa. 465, 200 A. 588; *Meek v. Allen,* 162 Pa. Superior Ct. 495, 58 A. 2d 370. The breach of that duty by Makos

---

[1] Act of May 1, 1929, P. L. 905, §1012 as amended by the Act of June 27, 1939, P. L. 1135, §25 which states in part: "(a) The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, . . . whenever the operation of any other vehicle approaching or following may be affected by such movement, shall give a signal . . . plainly visible to the driver of such other vehicle of the intention to make such movement."

was the sole cause of plaintiff's injuries and he alone was properly held liable.

Judgment affirmed.