**SIGMAN et al. v. VAN GILDER (SIGMAN, third-party defendant).**

**Civ. No. 11463.**

United States District Court
E. D. Pennsylvania.

March 2, 1953.

Thomas E. Comber, Jr., Philadelphia, Pa., for plaintiffs.

Laurance H. Eldredge, Philadelphia, Pa., for defendant.

O. Jacob Tallman, Allentown, Pa., for Van Gilder.

Thomson F. Edwards, J. B. H. Carter, Philadelphia, Pa., for third-party defendant.

KIRKPATRICK, Chief Judge.

█ The jury by its answer to the first interrogatory found that negligence on Sigman's part was a substantial factor in bringing about the accident. That finding was amply supported by evidence.

Answering the second interrogatory, the jury found that there was no negligence on the part of Van Gilder which was a substantial factor in bringing about the accident.

█ The jury must have rejected Sigman's version that the two cars were approaching from opposite directions and accepted Van Gilder's, that Sigman's car was traveling in the same direction as his and came upon him from his rear, but there is nothing to show on what part of the two westbound lanes Sigman was traveling. Van Gilder testified that he looked in his mirror and did not see Sigman's car. Of course, if the driver of a car on a street free from traffic says that he looked ahead, but did not see what was plainly in front of him, it must be presumed that he did not look. However, I do not believe that the rule can be applied with the same result in the case of a driver looking in the mirror of his car to see what is on the road behind him. It is not hard to imagine a car approaching from behind at an angle or on a part of the road where it would not show up in the mirror, particularly if it was approaching (as Sigman's car was) at a rate which, from its observed speed immediately after the accident, could have been found to have been abnormally high. True, a driver must be aware that his mirror does not afford a full view of everything on the road immediately behind him and the question will still remain whether the look which he gives is a proper precaution for the change of direction he intends to make, but this jury was entitled to find that Van Gilder's was adequate, particularly in view of the fact that he slowed down and pulled over to the curb gradually. Whether or not a prudent driver in his position could properly have assumed that a car outside the mirror's range, if traveling at a normal speed, would have been able quite easily to avoid the collision was for the jury.

█ The interrogatories answered by the jury also cover the issue of causation. They are in the language of the American Law Institute, Restatement of the Law, Torts, Negligence, Section 431, "Legal Cause; What Constitutes". There was no evidence presented that Van Gilder did not give a hand signal as required by the statute, and the plaintiff did not meet the burden of proving that he did not do so. If then, whether Van Gilder looked or not, Sigman had adequate warning that Van Gilder was pulling out of his traffic lane, Sigman could and should have avoided the collision, and the jury might well have found that his negligence, and not any inadequate observation on the part of Van Gilder, was the proximate cause of the accident. See MacNeill v. Makos, 366 Pa. 465, 77 A.2d 378, in which the driver of the leading car violated the statute in failing to put out his hand. Referring to the driver of the following car, the Court said, 366 Pa. at page 467, 77 A.2d at page 379, "He admitted that he saw Zavatone slowing to a stop but made no effort to diminish his own speed. Thus, by his own admissions Makos (the driver of the following car) had adequate warning of Zavatone's intentions and the latter's failure to give a signal did not under these circumstances cause the accident."

Both the question of the defendant's negligence and the question of causation were properly for the jury, and it cannot be said that no reasonable man could have reached the conclusions which it did.

The motion is denied.