**Henry PLATT, Plaintiff,**

v.

**Robert J. REYNOLDS, Defendant and Third Party Plaintiff,**
**William A. Bechtel, Third Party Defendant.**

**Civ. A. 21260.**

United States District Court
E. D. Pennsylvania.

Oct. 24, 1958.

Martin H. Philip, Slatington, Pa., Joseph H. Foster, Philadelphia, Pa., for Henry Platt, plaintiff.

John B. Hannum, 3rd, Philadelphia, Pa., for Robert J. Reynolds, defendant and third party plaintiff.

John J. Tinaglia, Philadelphia, Pa., for William A. Bechtel, third party defendant.

EGAN, District Judge.

This case is before the Court on the alternative motions of the third party defendant for judgment notwithstanding the verdict or new trial.

On December 20, 1955, a motor vehicle collision, in which the plaintiff, Henry Platt, (Platt), was severely injured, occurred on Route 22 between Allentown and Easton, Pennsylvania. Platt, a passenger in a station wagon driven by William A. Bechtel (Bechtel), brought suit against Robert J. Reynolds (Reynolds), the operator of the car which struck the station wagon from behind. Reynolds joined Bechtel as a third party defendant, seeking contribution on the ground that the latter was also negligent.

During the course of the trial, Reynolds, the original defendant, settled with plaintiff and proceeded with the third party aspect for contribution only. This portion of the case was submitted to the jury on the following special interrogatory:

"Was the third party defendant, William A. Bechtel, negligent, and did his negligence contribute to the happening of the accident which resulted in the injuries to the plaintiff, Henry Platt?"

After due deliberation, the jury returned with an answer of "Yes."

It is now urged that "defendant has not sustained his burden of proving a negligent act on the part of third party defendant which contributed to the accident," and "assuming that Bechtel was negligent, there is no evidence that such negligence was a contributing legal cause of the injuries to the plaintiff."

Viewing the evidence in the light most favorable to the prevailing party (Reynolds), Schipfer v. Makowski, D.C. E.D.Pa.1957, 149 F.Supp. 659, the following facts are apparent:

This accident happened on Route 22, a new, modern four lane "limited access highway" with the traffic flowing in both directions. The highway is separated by a medial divisor strip or marker. As the name "limited access" implies, the points of entrance and exit are separated by great distances and a motorist who misses his point of exit may be obliged to drive miles to change his course. Such zones are highly sensitive areas and a motorist leaving the highway, as well as one entering it, is obliged to be alert, reduce speed and have his car under control. A motorist leaving the highway should proceed in the right hand lane, following the slower moving traffic, so he can read the signs, take the proper direction, observe appropriate precautions, and leave the highway without interfering with others lawfully using it. The jury, by its verdict, found that Bechtel, the driver of the station wagon, did not do this.

On the day in question, Platt and Bechtel, returning home from a hunting trip, were proceeding toward Milford, Pennsylvania, in an eastwardly direction along the said Route 22. As the vehicle was passing the intersection above grade of Route 45, it pulled alongside a large truck and started to pass it. When Bechtel was "just a bit beyond the truck," he decided to decelerate so that the truck might pass him, giving him an opportunity to check the turn-off signs. At this time he was traveling at about 35 miles per hour. In the meantime, defendant, Reynolds, came down the ramp of Route 45 and pulled into Route 22, apparently first into the lane back of the truck and then to his left into the passing lane where Bechtel was slowing down. It was then that Bechtel first saw him about 50 feet behind. Reynolds, not being in full control of his vehicle, crashed into the rear of the station wagon.[1]

It was Reynolds' contention that in "suddenly slowing down," Bechtel made the happening of the accident inevitable.

[1]. This apparently is admitted since Reynolds settled his portion of the case with Platt.

Also in view of the fact that it was testified that neither a hand signal was given nor were Bechtel's brakes applied, (which would have shown a red warning light on the rear of the car), the jury found that Bechtel contributed to the happening of the accident.

■ Bechtel supports his motions on the ground that he could only have been negligent had he *known* that there was another car following him. This is a rather limited statement of the rule. We feel that the jury, in reaching its verdict could consider whether or not Bechtel knew or should have known that another car was approaching from the rear on a through highway such as this. In Smith v. Yellow Cab Co., 1926, 285 Pa. 229, 132 A. 124, the Supreme Court placed liability on a cab driver by stating:

"While defendant's driver was not running at a reckless speed, he knew, or *should have known*, that in the condition of traffic on a city street, where there are likely to be vehicles on either side of him, a sudden turn to the right or left, without warning, would probably result in the cars colliding." (at 231) (Emphasis supplied.)

We must remember that Bechtel had just passed the Route 45 ramp and should have foreseen that another vehicle might reasonably be expected to come down the said ramp and join the traffic on the highway behind him. With this in mind, we charged the jury as follows:

"As the driver of the vehicle ahead, Mr. Bechtel is under the duty to exercise reasonable and ordinary care under the circumstances to prevent damage to other vehicles that may be on the highway. * * * Whether he is aware or should be aware that there are cars following him on a busy highway and that he should signal to the vehicle behind of his intention to make any move-

ments other than proceeding straight ahead without a substantial or abrupt decrease of speed *is a matter to be determined in this case by you."* (N.T. 250)

This charge went to the jury without objection and under the facts that were presented to them, they apparently decided that Bechtel should have been aware that another car might be behind.[2] This was a factual issue on which the jury, under proper instruction, found in favor of the third party plaintiff.

■■ So far as the proximate cause argument is concerned, we agree with the movant that had Reynolds' negligence been a superseding cause, Bechtel could not be held liable. See MacNeill v. Makos, 1951, 366 Pa. 465, 77 A.2d 378. However, we would like to point out that here, too, the jury had been fully instructed on the question of proximate cause. They were charged, without objection, as follows:

"If you find after considering all of the evidence that Mr. Bechtel failed to operate his car according to the cautions which I have just set forth, you may determine that he has breached his duty of due care, and you may bring back a verdict in favor of Mr. Reynolds, the third party plaintiff, by answering that question that will be presented to you in the affirmative.

"You can only bring back such a verdict if you find that Mr. Bechtel's alleged negligence was a proximate cause of the accident. By 'proximate cause' I mean that his action or inaction must have been a primary or moving cause or contributing cause of the accident, and without the presence of which the accident could not have occurred, and particularly so if the accident could have been reasonably anticipated by him.

2. As a matter of fact, counsel for the third party defendant, Bechtel, commenting on the instructions, stated: "I thought the charge was very fair to both parties." (N.T. 257).

"To illustrate, if you find that Mr. Bechtel failed to signal the car, if he saw the car coming and if he failed to signal the car or if he had reasonable apprehension that cars would be following him on a busy highway, and he failed to signal the car or the approaching cars behind him of his intentions to slow up, *and that the accident would have occurred even if he had signaled,* then, of course, you would have to say that Mr. Bechtel's negligence was not the proximate cause of the accident and therefore you would be compelled to bring back a verdict in his favor." (N.T. 251–252).

Here again, the jury was amply supplied with the law, enabling them to reach what we believe to be an intelligent decision on the facts. In the light of the charge given, the jury apparently decided that both parties were equally at fault. To this extent, Bechtel's argument fails. His motion must be denied.